STATE of North Dakota, Plaintiff
and Appellee,

v.

LeRoy F. NACE, II, Defendant
and Appellant.

Crim. No. 1055.

Supreme. Court of North Dakota.

July 3, 1985.

Patricia L. Burke, Asst. State's Atty.,
Bismarck, for plaintiff and appellee.

Pulkrabek & Tuntland, Mandan, for defendant and appellant; argued by Thomas M. Tuntland.

MESCHKE, Justice.

LeRoy F. Nace II was convicted of theft of property, a class C felony, on May 9, 1984. He was sentenced to five years imprisonment, but the court went on to order that "execution of two (2) years of the (sentence) portion of this Judgment is suspended and the accused is placed within the custody and control of the North Dakota Parole Board pursuant to Chapter 12–53, N.D.C.C.; for a period of three (3) years following his release," subject to conditions. No appeal was taken from the conviction and sentence.

■ On July 30, 1984, Nace moved pro se, under Rule 35, N.D.R.Crim.P., "Correction or Reduction of Sentence," to correct this sentence as "illegal and excessive." Again, on August 27, 1984, he renewed his motion pro se arguing that the court did not have power to "suspend" a part of his sentence and that the sentence was "in excess of the maximum sentences [sic] of imprisonment" provided for his offense. The State responded only by pointing to N.D.C.C. § 12.1–32–02(1), which authorizes "a combination" sentence of probation and a term of imprisonment. The court denied the motion on September 5, 1984, without a hearing and without giving any reasoning.[1]

Nace is represented by counsel on this appeal.

Subsection 5 of § 29–28–06, N.D.C.C. authorizes appeal in a criminal case from "an order made after judgment affecting any substantial right of the party," but the State argues that a Rule 35 order denying correction or reduction of a sentence is not appealable, citing *State v. Jefferson Park*

*Books, Inc.*, 314 N.W.2d 73 (N.D.1981) and *City of Riverside v. Smuda*, 339 N.W.2d 768 (N.D.1983), which denied appeals concerning the reduction and correction of sentences.

Nace counters by asserting that this Court has allowed post-judgment correction of an illegal sentence by certiorari where no appeal was possible; *Waltman v. Austin*, 142 N.W.2d 517 (N.D.1966). He urges that the holdings of *Smuda* and *Jefferson Park* are limited on their facts to appeals from discretionary orders declining to reduce sentences under Rule 35(b), where no substantial right of the defendant can be involved because of the broad discretion accorded to the trial court in considering motions to reduce sentences.

*Jefferson Park* involved a motion to reduce a sentence. Justice Sand's opinion pointed out, "Whether or not a reduction should be given, in certain instances, is not a right but is basically a matter left to the sound discretion of the trial court...." Therefore, "no substantial right of the defendant was affected" by denying reduction on broad discretionary grounds. The argument that the sentence was illegal was not made until the appeal to the Supreme Court. This argument was rejected on appeal, not because it was not an appealable matter, but primarily because it was not "ready or appropriate" for review for the first time on appeal; *Jefferson Park*, 314 N.W.2d at 77.

*Smuda* involved a direct appeal from a sentence imposed by a county court as a result of a conviction for the violation of a municipal ordinance. It did not involve an appeal from an order denying a Rule 35 motion. The appeal was dismissed because there was no statutory authority for a second level of appeal from a judgment of

---

1. We are again handicapped in our analysis because the district judge did not give any reason why he denied the motion. See footnote 1, concurring opinion of Justice Meschke, *Patten v. Green*, 369 N.W.2d 105 (1985). The considerations that suggest a need for explaining the reasons for a court's action are the same for criminal proceedings as for civil matters. Justice Marshall put it vividly in another context:

"The best evidence of why a decision was made as it was is usually an explanation, however brief, rendered at the time of the decision." *Ponte v. Real*, — U.S. —, —, 105 S.Ct. 2192, 2202, 85 L.Ed.2d 553 (J. Marshall dissenting; 1985). We encourage trial courts to give a succinct reason for each of their rulings. A phrase, reference or sentence would help.

conviction in municipal court. Thus, *Smuda* is not precedent on the appealability issue in this case.

In support of its position that a Rule 35 order is not appealable, the State strenuously argues that the Uniform Post-Conviction Procedure Act, chapter 29–32, N.D.C.C. is the exclusive method of collaterally attacking an illegal or excessive sentence. The U.P.–C.P.A. authorizes a civil remedy [2] to collaterally attack a conviction or a sentence for a crime, including where "the sentence exceeds the maximum authorized by law;" N.D.C.C. § 29–32–01(1)(c). Subsection 2 of § 29–32–01 says:

"This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this chapter it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."

While the State's position finds support in the opinion by Justice Sand in *Jefferson Park*, 314 N.W.2d at 76–77, this analysis is not complete.

■ Rule 35(a) says "The sentencing court may correct an illegal sentence at any time...." The Uniform Post-Conviction Procedure Act proceeding is also available to collaterally attack a sentence where it "exceeds the maximum authorized by law." Thus, these post-conviction remedies co-exist for similar purposes as to illegal sentences.[3]

Further, the U.P.–C.P.A. was adopted in 1969; S.L.1969, ch. 304. Our N.D.R. Crim.P. rules became effective November 1, 1973; Rule 59. Thus, a Rule 35(a) remedy to challenge an illegal sentence was not "heretofore available for challenging the validity of the ... sentence" in North Dakota, which is the scope of exclusiveness of the U.P.–C.P.A.; § 29–32–01(2), N.D.C.C.

Rule 37(a), N.D.R.Crim.P., refers us back to statutory authorization for appeals under the criminal rules: "An appeal permitted by law as of right from a trial court to the appellate court...." Thus, our focus must be on chapter 29–28, N.D.C.C., which is the statutory authorization for appeals as of right from criminal proceedings; see §§ 29–28–03 and 29–28–06, N.D.C.C.

■ Thus, we must determine whether an order denying correction of a sentence claimed to be illegal, affects "any substantial right" of the defendant, thereby authorizing appeal. We hold that such an order under Rule 35(a) is appealable under subsection 5 of § 29–28–06.

American jurisprudence has a long history of correcting illegal or excessive sentences, as "void," "excessive," or "invalid." 5 L. Orfield, *Criminal Procedure Under The Federal Rules* § 35:1, pp. 455–462 (1967). This court has also recognized the substantial nature of the right to correct an illegal sentence in granting certiorari to do so where there was no right of appeal. *Waltman v. Austin, supra.* The substantial nature of the right is emphasized by the "at any time" reference in Rule 35(a), N.D.R.Crim.P., which originated in the Federal version of Rule 35 before enactment of the U.P.–C.P.A. and of 28 U.S.C. § 2255, "as a codification of existing law and was intended to remove any doubt ... as to the jurisdiction of a District Court to correct an illegal sentence after the expiration of the term at which it was entered." *Heflin v.*

2. *Coleman v. State,* 633 P.2d 624, 626–627 (Mont.1981), *cert. denied,* 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982).

3. Both remedies exist at the federal level, where 28 U.S.C. § 2255, "Federal Custody; remedies on motion attacking sentence" parallels the Uniform Post-Conviction Procedure Act, and Rule 35 is in the Federal Rules of Criminal Procedure. These remedies are often used interchangeably to attack a sentence illegal on its

face. *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Andrews v. United States,* 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). A motion under Rule 35 or section 2255 has been treated as equivalent to a motion under both provisions. *Heflin, supra; Baker v. United States,* 271 F.2d 190, 192 (8th Cir.1959).

*United States*, 358 U.S. 415, 422, 79 S.Ct. 451, 455, 3 L.Ed.2d 407 (1959) (Stewart, J., concurring). The substantial nature of the right to correct an illegal sentence, as a long recognized part of the proceedings in the trial court, is thus evident.

■ Nace argues that it was not lawful to suspend only a part of his sentence of imprisonment. Section 12.1–32–02 N.D. C.C. plainly authorizes "one or a combination of the following alternatives," including "probation" and "a term of imprisonment, including intermittent imprisonment." Apparently, Nace seeks to have this Court distinguish "probation" under § 12.1–32–02 from "suspension of the sentence" under chapter 12–53, N.D.C.C., urging that the exclusive terms of "probation" are determined by 12.1–32–07, and that "suspension" under chapter 12–53 is an entirely different and "all or nothing" alternative. Nace's proposed distinction overlooks the extensive references to "probation" in chapter 12–53, including the specific reference in § 12–53–06 that "... the order suspending ... shall provide that the defendant shall be placed on *probation* ...." (emphasis supplied.) We are required to harmonize statutes wherever fairly possible; § 1–02–07, N.D.C.C.: "... the two shall be construed, if possible, so that effect may be given to both provisions." Accordingly, we hold that a chapter 12–53 "suspension" is a form of "probation" available under the general sentencing alternatives of § 12.1–32–02, and is one of the "combinations" permissible under that section.

■ Nace's principal argument is that the combined term of his imprisonment and probation cannot exceed the maximum term for which he could have been imprisoned. He was convicted of a Class C felony. The "maximum penalty" for a Class C felony is set under § 12.1–32–01, N.D.C.C., subsection (4):

"Class C felony, for which a maximum penalty of five years' imprisonment, a fine of five thousand dollars, or both, may be imposed."

Section 12.1–32–02(1), N.D.C.C., under which Nace was sentenced, goes on to provide:

"Sentences imposed under this subsection shall not exceed in duration the maximum sentences of imprisonment provided by section 12.1–32–01."

This plainly applies to "combination" sentences, as well as sentences of imprisonment.

Suspension of a part of the sentence under chapter 12–53 does not invoke a different limit, because § 12–53–12 says:

"The length of the period of probation shall not be more than the maximum term for which he might have been imprisoned,..."

These provisions make it clear that the combined term of Nace's imprisonment and "probation," even using the "suspension" provisions of chapter 12–53, cannot exceed five years. Nace was sentenced to three years imprisonment and three years "suspension" of his "probation." This equals six years. Thus, we conclude that Nace's sentence exceeds in duration "the maximum sentence of imprisonment" for his offense which is five years.

Our conclusion is supported by the holding and reasoning in *State v. Holmes*, 360 So.2d 380 (Fla.1978). The Florida Supreme Court held that the combined period of incarceration and probation imposed under the Florida split sentencing statute must be within the maximum period of incarceration allowed by statute for the offense for which sentence is imposed. In doing so, it quoted and approved the following reasoning of one of its intermediate appellate courts, which we also deem appropriate:

"There is validity to not allowing probation to extend beyond the period of maximum sentences. First, a penal statute must be strictly construed in favor of those against whom it would operate; and second, to infer that a court could extend probation beyond such a maximum permitted punishment would lead to unacceptable results." 360 So.2d at 383.

■ Accordingly, this case is remanded to the district court for resentencing of Nace to combined imprisonment and probation within "the maximum term for which he might have been imprisoned." [4]

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

VANDE WALLE, J., concurs in the result.

---

4. There may be constitutional limitations on imposing an increased term of imprisonment on resentencing. Under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), certain due process requirements must be met to ensure that a sentencing judge does not retaliate against a defendant who successful-ly attacks a first conviction. Some states flatly prohibit increased sentences upon retrial; *State v. Holmes,* 281 Minn. 294, 296, 161 N.W.2d 650, 652 (1968). The considerations that apply to sentencing upon retrial would seem to be equally applicable to resentencing upon remand to correct an illegal sentence.