**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Mark OLSON, Defendant and Appellant.**

**Cr. No. 1120.**

Supreme Court of North Dakota.

Jan. 7, 1986.

John P. Van Grinsven, III [argued], Asst. State's Atty., Minot, for plaintiff and appellee.

Teevens, Johnson, & Montgomery, Minot, for defendant and appellant; argued by Bruce Montgomery.

MESCHKE, Justice.

Mark Olson pled guilty to the crime of negligent homicide, in which alcohol was a contributing circumstance. On October 22, 1981, he was sentenced to five years imprisonment, with "[e]xecution of the last Three (3) years ... suspended for a period of Five (5) years of this date." Conditions of the order of suspension required him to "undergo available medical or psychiatric treatment and counseling ... for alcohol and drug abuse" and ordered him not to "purchase, possess, or consume any alco-

holic beverage or controlled substance except as prescribed by a licensed physician" and not to "enter or frequent any place where alcoholic beverages are sold or consumed except as may be incidental to food service" while on probation.

Olson was released from confinement on January 14, 1983. On April 26, 1985, a petition for revocation of probation was filed, alleging that Olson had violated conditions "by consuming alcoholic beverages" at a Minot lounge on the evening of April 25, 1985 at about 9:30 P.M. and by being in another nightclub licensed only to serve alcoholic beverages that same evening. A supplemental petition for revocation of probation was filed on May 15, 1985, adding that Olson had also violated conditions of probation in "January of 1983" when he was observed at another Minot lounge licensed only to dispense alcoholic beverages. Olson admitted the violations on April 25, 1985, but sought to excuse them on the ground that he could not withstand the continued pain of severe knee injuries. He called his doctor, who was not aware of Olson's probation or the conditions of the probation, for a prescription for more pain medication. His doctor was annoyed at being paged in a movie theater and irritably told Olson "to leave me alone and go out and get a couple of beers." Olson proceeded to commit the violations charged for that evening.

After hearing, the trial court found Olson had committed all of the violations of conditions of probation which were charged and ordered him "reincarcerated at the State Penitentiary for the balance of the three-year term."

On appeal, Olson argues that the trial court abused its discretion in revoking probation for a violation of conditions which "resulted from following his doctor's advice" and that the combined terms of probation and imprisonment exceed the maximum term for which he could be sentenced.

■ The trial court determined that the claim of excuse, reliance upon his physician's advice, was insufficient:

"His comments were made to you out of annoyance because he was being bothered at a time he didn't want to be bothered. He didn't know you were on probation. You knew that you were. You know that doctors don't prescribe alcohol. You not only consumed alcohol, but you were in a bar which was a separate and although related it's a separate violation."

This Court has held that, ordinarily, a defendant may not rely upon advice of his attorney to excuse a violation of probation conditions. *State v. Thorstad*, 261 N.W.2d 899 (N.D.1978). Nor should conspicuous violations by a probationer be excused by an offhand dispensation of a doctor who was not asked to consider its relationship to the probation.

Olson also urges that we apply the view expressed in *State v. Austin*, 295 N.W.2d 246, 250 (Minn.1980) that, "[i]n some cases, policy considerations may require that probation not be revoked even though the facts may allow it...." In *Austin*, the Minnesota Supreme Court focused on the American Bar Association Standards for Criminal Justice regarding probation,[1] suggested a "balancing of the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety," and said "revocation should be used only as a last resort when [rehabilitation] treatment has failed." 295 N.W.2d at 250. In a split decision, the Minnesota

1. "Grounds for and alternatives to probation revocation.

"(a) Violation of a condition is both a necessary and a sufficient ground for the revocation of probation. Revocation followed by imprisonment should not be the disposition, however, unless the court finds on the basis of the original offense and the intervening conduct of the offender that:

"(i) confinement is necessary to protect the public from further criminal activity by the offender; or
"(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
"(iii) it would unduly depreciate the seriousness of the violation if probation were not revoked."
A.B.A. Standards for Criminal Justice, Probation § 5.1(a) (Approved Draft 1970).

court found no clear abuse of discretion in a trial court revoking probation for failure to comply with conditions concerning drug treatment at a specified facility, although the probationer presented evidence that he had made an effort to comply with what he understood to be his obligations. The decision suggests a new analysis to guide lower courts in Minnesota in considering probation violations, including a determination that "need for confinement outweighs the policies favoring probation." *Austin,* 295 N.W.2d at 250.

Our North Dakota Rules of Criminal Procedure permit a trial court to weigh alternatives to revocation of probation: "... the court, subject to limitations imposed by law, may revoke an order suspending a sentence ..., or continue probation on the same or different conditions, as the circumstances warrant." Rule 32(f)(2). The Explanatory Note to that Rule refers to the A.B.A. Standards relating to probation and suggests consideration of factors comparable to the Minnesota approach:

> "The continuation of probation is allowed since there may be circumstances that will not warrant confinement, and the court should be allowed to take these into account.
>
> \*    \*    \*    \*    \*    \*
>
> "Courts should give careful consideration, in the interest of justice, to be certain that the rights of the defendant are properly protected against the needs of the public for immediate revocation of probation." North Dakota Court Rules, 1984 Desk Copy, p. 297.

The trial court carefully assessed the alternatives to revocation of Olson's probation and concluded, in effect, that it would unduly depreciate the seriousness of Olson's violations if probation were not revoked. Since conspicuous alcohol consumption was involved in Olson's violations, the violations were connected to circumstances of the original crime. Thus, there was reason for the trial court's conclusion.

Accordingly, we conclude that the trial court did not clearly abuse its discretion in revoking Olson's probation.

■ Citing our recent holding in *State v. Nace,* 371 N.W.2d 129 (N.D.1985), Olson argues that the revocation of probation makes his combined terms of imprisonment and probation exceed the maximum term for which he could have been imprisoned. Like *Nace,* Olson's maximum sentence for negligent homicide, a Class C felony, was five years imprisonment. Section 12.1–32–01(4), N.D.C.C. But, unlike *Nace,* who was sentenced to five years imprisonment with "'execution of two (2) years of the (sentence) ... suspended ... for a period of three (3) years *following his release,*'" three years of Olson's five year sentence was suspended for a period of five years *"of this date"* on the day of sentencing. (Our emphases.) Thus, Olson's combination sentence of imprisonment and probation did not "exceed in duration the maximum sentences of imprisonment" as limited by sections 12.1–32–02(1) and 12–53–12, N.D.C.C. Revocation of probation does not have the effect of increasing the term of imprisonment beyond the maximum sentence of imprisonment authorized by law.

Accordingly, we affirm the trial court's order revoking Olson's probation.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.