**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Walter J. SIEGEL, Defendant and Appellant.**

**Cr. No. 1224.**

Supreme Court of North Dakota.

April 16, 1987.

F.C. Rohrich, States Atty., Linton, for plaintiff and appellee; argued by F.C. Rohrich.

Pulkrabek & Tuntland, Mandan, for defendant and appellant; argued by Thomas M. Tuntland.

ERICKSTAD, Chief Justice.

Walter J. Siegel appeals from the order entered by the Emmons County Court on October 16, 1986, that denied his motion for correction of sentence and discharge from probation. We affirm.

Siegel was originally charged with theft of property in violation of Section 12.1–23–05(2)(h), N.D.C.C., a class C felony, on April 12, 1984. On May 3, 1984, the State, pursuant to a verbal plea agreement with Siegel and his attorney, filed an amended complaint charging Siegel with the reduced offense of issuing a check without sufficient funds in violation of Section 6–08–16, N.D.C.C., a class B misdemeanor, to which Siegel plead guilty. The court continued the matter and ordered Siegel to appear for sentencing on May 16, 1984.

On May 16, 1984, Siegel appeared for sentencing. The court ordered "[t]hat im-

position of sentence is hereby deferred pursuant to Section 12–53–13 N.D.C.C. for a period of five (5) years from May 16, 1984," upon other conditions and the condition that Siegel "make restitution to Linton Livestock Market, Inc. on at least an annual basis to the best of his ability." The court set the amount of restitution at $20,-004.92.

On June 6, 1986, Siegel filed his motion for correction of sentence and discharge from probation pursuant to Rule 35(a), N.D.R.Crim.P. The county court denied his motion on October 16, 1986, and in its order said, in part:

"This Court did not place Defendant under control of the pardon board pursuant to Section 12–53–14 N.D.C.C. This allegation by defense counsel that Defendant was placed on probation pursuant to said section is without merit. This Court deferred imposition of sentence pursuant to Section 12–53–13 N.D.C.C. and imposed conditions under which sentencing would be deferred for a period of five years. Compliance with the conditions imposed by the Court gave Defendant an opportunity to have the charge dismissed. This Court did not surrender jurisdiction to the pardon board and has jurisdiction to impose sentence against the Defendant should he violate the conditions imposed by the Court during the aforesaid five year period. (See *John v. State*, 160 NW2d 37).

"Since the Court did not impose a sentence and then suspend a portion thereof, upon Defendant complying with the conditions of probation, Section 12.1–32–06 N.D.C.C. is not applicable in this case. If Section 12.1–32–06 N.D.C.C. would apply as argued by the Defendant, acceptance of Defendant's interpretation would render Section 12–53–13 N.D.C.C. totally meaningless as it would that portion of subsection 1 of Section 12.1–32–02 N.D.C.C. which states 'This subsection shall not be construed to prohibit utilization of sections 12–53–13 through 12–53–19, relating to suspension of imposition of sentence.' Section 12–53–13 N.D.C.C. was last amended in 1983 whereas Sections 12.1–32–06 and 12.1–32–07 N.D.C.C. were last amended in 1973. The Legislature therefore clearly intended that 12–53–13 N.D.C.C. was to have full force and effect."

The issue on appeal is whether or not a court, when it defers imposition of sentence, may place a defendant adjudged guilty of a misdemeanor on probation for a period of time in excess of two years.

Section 12.1–32–06(1), N.D.C.C.,[1] limits the period during which a sentence to probation remains conditional and subject to revocation to two years for a misdemeanor and five years for a felony. Section 12–53–13, N.D.C.C.[2] limits the period of suspension during which a deferred imposition of sentence remains, in most cases, conditional and subject to revocation to five years, and does not distinguish between misdemeanors and felonies.

Siegel contends, in accordance with Section 1–02–07, N.D.C.C.,[3] and *State v. Nace*,

---

**1.** Section 12.1–32–06(1), N.D.C.C., reads as follows:
*"12.1–32–06. Incidents of probations.*
"1. Unless terminated as provided in subsection 2, the periods during which a sentence to probation shall remain conditional and be subject to revocation are:
a. For a felony, five years.
b. For a misdemeanor, two years."

**2.** Section 12–53–13, N.D.C.C., provides as follows:
*"12–53–13. Imposition of sentence suspended—When authorized.* When a defendant has been found guilty of a crime, whether or not for the first time, the court having jurisdiction thereof, upon application or its own motion may, in its discretion, suspend the imposing of

the sentence and may direct that such suspension continue for a definite period of time, upon such terms and conditions as it may determine. Such period shall not exceed five years, except that in cases where the defendant has been found guilty of abandonment or nonsupport of a spouse or children, the period may be continued for as long as responsibility for support continues."

**3.** Section 1–02–07, N.D.C.C., reads as follows:
*"1–02–07. Particular controls general.—* Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the

371 N.W.2d 129 (N.D.1985), that the felony/misdemeanor distinction in Section 12.-1–32–06(1) should be read into Section 12–53–13.

In *State v. Nace*, 371 N.W.2d at 132, the defendant asked this Court to distinguish between "probation" under § 12.1–32–02 and "suspension of the sentence" under Chapter 12–53, N.D.C.C. We rejected the defendant's request and said:

"Nace's proposed distinction overlooks the extensive references to 'probation' in chapter 12–53, including the specific reference in § 12–53–06 that '... the order suspending ... shall provide that the defendant shall be placed on *probation* ....' (emphasis supplied.) We are required to harmonize statutes wherever fairly possible; § 1–02–07, N.D.C.C.: '... the two shall be construed, if possible, so that effect may be given to both provisions.' Accordingly, we hold that a chapter 12–53 'suspension' is a form of 'probation' available under the general sentencing alternatives of § 12.1–32–02, and is one of the 'combinations' permissible under that section." 371 N.W.2d at 132.

In *Nace* we refused to distinguish between probation under Chapter 12.1–32 and probation following suspension under Chapter 12–53 where the provisions were, in effect, the same sentence. In that case, we referred to parts of Chapter 12–53 applicable to suspension of execution of sentence, as distinguished from the suspension of imposition of sentence.

The United States Supreme Court in *Roberts v. United States*, 320 U.S. 264, 267–68, 64 S.Ct. 113, 115, 88 L.Ed. 41, 43–44 (1943), explained the distinction between suspending the imposition of sentence and suspending the execution of sentence as follows:

"Section 1 of the Probation Act provides the procedural plan for release on probation. After judgment of guilt, the trial court is authorized 'to suspend the *imposition or execution* of sentence and to place the defendant upon probation * *.' (Italics supplied.) By this language Congress conferred upon the court a choice between imposing sentence before probation is awarded or after probation is revoked. In the first instance the defendant would be sentenced in open court to imprisonment for a definite period; in the second, he would be informed in open court that the imposition of sentence was being postponed. In both instances he then would be informed of his release on probation upon conditions fixed by the court. The difference in the alternative methods is plain. Under the first, where execution of sentence is suspended, the defendant leaves the court with knowledge that a fixed sentence for a definite term of imprisonment hangs over him; under the second, he is made aware that no definite sentence has been imposed and that if his probation is revoked the court will at that time fix the term of his imprisonment."

The difference between imposition of sentence and execution of sentence is significant. Section 12–53–18, N.D.C.C.,[4] states that a "defendant who has fulfilled the conditions of his probation" or who has been "discharged from probation" may be

---

special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

4. Section 12–53–18, N.D.C.C., provides as follows:

"*12–53–18. Records on discharge from probation.* Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time be permitted in the discretion of the court to withdraw his plea of guilty. The court may in its discretion set aside the verdict of guilty; and in either case, the court may dismiss the information or indictment against such defendant, who shall then be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The clerk of the district court shall file all papers, including the findings and final orders in proceedings had hereunder, and shall note the date of filing on the papers. The records and papers shall be subject to examination by said clerk, the judges of the court, the juvenile commissioner, and the state's attorney. Others may examine such records and papers only upon the written order of one of the district judges."

permitted in discretion of the court to withdraw his guilty plea. It further provides that the court may "in its discretion set aside the verdict of guilty; and in either case, the court may dismiss the information or indictment against such defendant, who shall then be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted." In effect, Section 12–53–18 permits a court to exercise its discretion and grant a defendant, whose imposition of sentence is suspended, the privilege of having all charges brought by indictment or information dismissed. As misdemeanors are charged in complaints, and felonies are charged in indictments and informations, it might be implied that this section is speaking of felonies only. However, as the earlier part of the statute contains no limiting language in that it states that the court may permit a defendant to withdraw his plea of guilty or it may set aside the verdict of guilty, it seems that it is the intent of Section 12–53–18, N.D.C.C., to cover misdemeanors as well as felonies.

Additionally, in *Nace* we were not required to resolve the effect of subsection 12.1–32–02(1), N.D.C.C. Subsection 12.1–32–02(1) provides in part:

"1. Every person convicted of an offense who is sentenced by the court shall be sentenced to one or a combination of the following alternatives ...:

"a. Payment of the reasonable costs of his prosecution.

"b. Probation.

"c. A term of imprisonment, including intermittent imprisonment:

(1) In a state correctional facility, a regional corrections center, a county jail, or in the state farm in accordance with section 12–51–07, if convicted of a felony or a class A misdemeanor.

(2) In a county jail or in a regional corrections center, if convicted of a class B misdemeanor.

"d. A fine.

"e. Restitution for damages resulting from the commission of the offense.

"f. Restoration of damaged property, or other appropriate work detail.

"g. Commitment to an appropriate licensed public or private institution for treatment of alcoholism, drug addiction, or mental disease or defect.

"h. Commitment to any other facility or program deemed appropriate for the treatment of the individual offender, including available community-based programs."

Prior to 1975, subsection 12.1–32–02(1) provided, in part:

"1. Every person convicted of an offense shall be sentenced by the court to one or a combination of the following alternatives:

"a. Deferred imposition of sentence.

"b. Probation.

"c. A term of imprisonment, including intermittent imprisonment.

"d. A fine.

"e. Restitution for damages resulting from the commission of the offense.

"f. Restoration of damaged property, or other appropriate work detail.

"g. Commitment to an appropriate licensed public or private institution for treatment of alcoholism, drug addiction, or mental disease or defect." 1973 N.D.Sess. Laws, § 31, Ch. 116.

In 1975, the Legislature amended subsection 12.1–32–02(1) by removing "deferred imposition of sentence" as a sentencing alternative. 1975 N.D.Sess. Laws, § 25, Ch. 116. This supports the view that a deferred imposition of sentence is not a sentence and that probation imposed not as a sentence is not limited by Section 12.1–32–06(1) or Section 12–53–03, N.D.C.C.[5]

---

**5.** Section 12–53–03, N.D.C.C., reads as follows:

"*12–53–03. Suspension when crime is misdemeanor—Power to recommit limited.* When the facts set forth in section 12–53–01 appear and the defendant has been found guilty of a misdemeanor, the court or magistrate may suspend the execution of the sentence or may modify or alter the sentence in such manner as appears just and right to the court or magistrate in view of all of the circumstances. When a sentence for a misdemeanor has been suspended, no order for the recommitment of the person sentenced shall be made more than eighteen months after the expiration of the maximum

Subsection 12.1–32–02(1) provides that "[t]his subsection shall not be construed to prohibit utilization of sections 12–53–13 through 12–53–19, relating to suspension of imposition of sentence, nor shall this sub-section limit the conditions which can be imposed on a probationer under section 12–53–14." To impose the felony/misdemeanor distinction in 12.1–32–06(1) would be contrary to the legislative directive in subsection 12.1–32–02(1).

In this case, the county court did not *sentence* Siegel to probation under Section 12.1–32–02(1), but deferred the imposition of sentence under Section 12–53–13. While Section 12–53–14 directs the court to "place the defendant on probation during the period of suspension," this Court in *John v. State*, 160 N.W.2d 37, 41 (N.D.1968) said, "[w]hen the case has been tried, judgment of conviction has been rendered, and sentence has been pronounced, the court loses its jurisdiction." We further said: "where imposition of sentence is deferred under Section 12–53–13, N.D.C.C., the court retains jurisdiction." Although *John v. State* was decided prior to July 1, 1975, the effective date of Section 12.1–32–02 (*see* 1973 N.D.Sess. Laws, § 31, Ch. 116), we believe what we said is still correct. *See also State v. Hass*, 264 N.W.2d 464, 467 (N.D. 1978) (When the trial court defers imposition of sentence under Section 12–53–13, the "court retains jurisdiction over the defendant for the purpose of revoking his probation and of passing sentence at some future date.").

In this light we believe the county court was correct when it said that "[t]his Court did not surrender jurisdiction to the pardon board and has jurisdiction to impose sentence against [upon] the Defendant should he violate the conditions imposed by the Court during the aforesaid five year period." *See* Rule 32(f), N.D.R.Crim.P. (providing for revocation of probation where the court retains jurisdiction under the Law).

The county court fixed the amount of restitution at $20,004.92. We have examined Siegel's financial affidavits in the appendix and believe it would be unrealistic

to expect that he would be able to make restitution of this amount within two years. From a practical standpoint as well, the five-year-period is more workable. The five-year-period of deferred imposition of sentence is also consistent with the National Commission's statement that "[t]here seems to be general agreement that probation, if it is to be effective at all, will prove to be so relatively early during the probation term" and "that the length of time for which the defendant should be required to submit to the supervisory regime of probation should in some respects reflect the gravity of the offense." Working Papers of the National Commission on Reform of Federal Criminal Laws, *Incidents of Probation: Section 3102* (1970).

For the reasons stated herein, the county court's order denying Siegel's motion for correction of sentence and discharge from probation is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

period of time for which such person might have been sentenced."