STATE of North Dakota, Plaintiff and Appellee,

v.

**Jerry JONES, Defendant and Appellant.**

Cr. No. 870188.

Supreme Court of North Dakota.

Feb. 2, 1988.

Alan K. Duppler, State's Atty. for Mercer County, Stanton, for plaintiff and appellee; on brief.

Jerry Jones, defendant and appellant, pro se; on brief.

VANDE WALLE, Justice.

Jerry Jones appealed from an order denying his motion for correction of sentence pursuant to Rule 35(a), N.D.R.Crim.P. We affirm.

---

In 1983 Jones was charged with, and pleaded guilty to, the crime of gross sexual imposition in violation of Section 12.1–20–03, N.D.C.C. The trial court sentenced Jones to serve six years in the State Penitentiary. However, the trial court suspended execution of the sentence for five years and placed Jones on probation.

Subsequently, the State petitioned the trial court to revoke Jones's probation, alleging that he had violated the conditions of his probation. The trial court found that Jones had violated the conditions of his probation and therefore it revoked his probation. The trial court then sentenced Jones to serve six years in the State Penitentiary, with the final two years of the sentence suspended for a period of six years during which time Jones would be on probation. This period of probation was not to begin until Jones had served four years of his prison sentence.

Subsequently, Jones moved in the trial court for a correction of sentence pursuant to Rule 35(a). The trial court denied the motion. It is that order from which Jones has appealed.

I

Jones argues that the trial court lacked jurisdiction to revoke his probation because he contends that where a sentence is pronounced and then suspended the only authority to revoke probation lies with the State Parole Board.

■ Initially we note that we can find no indication in the record that this argument was raised in the court below. This court has held that "Matters raised for the first time on appeal will not be considered by this Court." *State v. Manke*, 361 N.W.2d 247, 249 (N.D.1985). Therefore, this issue is not properly before the court.

■ However, even if Jones had properly raised this issue we believe it lacks merit. Jones relies on the decision in *John v. State*, 160 N.W.2d 37, 42 (N.D.1968), for the proposition that "where sentence is pronounced and then suspended under Section 12–53–06, N.D.C.C., the trial court loses jurisdiction of the defendant, and, there-

after, the only authority to revoke the probation is in the Parole Board." However, the decision in *John* was partially based on Section 12–53–11, N.D.C.C., which then provided "that the *Parole Board* may revoke the suspension of sentence ..." [Emphasis added.] 160 N.W.2d at 42. Since the decision in *John* the Legislature has amended Section 12–53–11 [see 1975 N.D.Sess.Laws ch. 114, § 5], wherein it substituted the *court* for the parole board in the revocation process. It was clearly the intent of the Legislature to give the trial court authority to revoke a suspension of sentence. This is readily borne out by comments made in the House Judiciary Committee by a proponent of the bill: "This bill [S.B. 2332] allows the judge to maintain jurisdiction over the defendant who has a suspended sentence. The court will hold the hearing rather than the parole board." H.Jud.Comm.Minutes (March 5, 1975). Thus the trial court has authority to revoke a suspension of sentence, and Jones's claim that the trial court lacked jurisdiction to revoke his probation is without merit.

II

■ Jones next claims that when the trial court sentenced him after revocation of his probation to something greater than that to which he was originally sentenced, the trial court violated Jones's Federal constitutional right under the Fifth Amendment to the United States Constitution to not "for the same offense to be twice put in jeopardy of life or limb." After Jones pleaded guilty to gross sexual imposition the trial court initially sentenced him to serve six years in prison, but it then suspended execution of the sentence and placed Jones on probation for five years. After Jones violated probation and the court revoked his probation the court sentenced him to six years' imprisonment, suspending the last two years of the sentence for a period of six years during which time Jones was to be on probation. Jones claims that because the sentence to imprisonment plus probation after revocation exceeded the initial sentence to six years' imprisonment, he has been unconstitutionally subjected to double jeopardy.

The guarantee against double jeopardy arising out of the Fifth Amendment to the United States Constitution is enforceable against the States through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The guarantee consists of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." [Footnotes omitted.] *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In this case the defendant apparently contends that he is being subjected to double jeopardy because the greater sentence after revocation of probation subjects him to multiple punishments for the same offense. We disagree.

When a defendant's probation is revoked, Section 12.1–32–07(4), N.D.C.C., clearly provides the trial court with the authority to resentence him to *any* sentence that was available at the initial time of sentencing. That section provides:

"If the defendant violates a condition [of probation] at any time prior to the expiration or termination of the period, the court may continue him on the existing sentence, with or without modifying or enlarging the conditions, or if such continuation, modification, or enlargement is not appropriate, *may impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing.*" [Emphasis added.]

This statute reflects the policy that a sentence which includes probation is not final, but is designed to provide a flexible alternative which allows the court to monitor the defendant's conduct while on probation. *State v. Miller,* 418 N.W.2d 614 (N.D.1988). Thus a decision to resentence a defendant to a sentence greater than his original sentence does not subject the defendant to multiple punishments for the same offense; rather, this practice reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence of

probation was not effective and must be altered. Because the defendant is not being subjected to multiple punishments for the same offense there is no violation of the guarantee against being subjected to double jeopardy.

Our decision that a sentence imposed after revocation of probation which is greater than that originally imposed does not violate the guarantee against subjection to double jeopardy is supported by decisions from other courts. In *Smith v. State,* 261 Ind. 510, 307 N.E.2d 281 (1974), the defendant was convicted of carrying a pistol without a license. He was sentenced to one year in prison and fined $200. The sentence was suspended and the defendant was placed on probation. The defendant violated the conditions of his probation and the probation was revoked. The defendant was then sentenced to ten years' imprisonment. The court considered and rejected the defendant's argument that sentencing him anew subjected him to double jeopardy, noting:

"This same argument has been used in situations where an appellant has been successful in obtaining a reversal of a conviction and then has argued that a second trial would amount to double jeopardy. In *North Caroline v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, at pages 2079–2080, 23 L.Ed.2d 656, the United States Supreme Court addressed itself to this problem and at page 723 stated:

'We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." *Williams v. New York,* [1949], 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337, 1341. Such information

may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in *Williams v. New York, supra,* that a State may adopt the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." Id., 337 U.S. at 247, 69 S.Ct. at 1083, 93 L.Ed. at 1342.'

The situation in the case at bar is analogous. The appellant for obvious reasons for his own benefit chose to accept probation under the terms set forth by the trial court and under the conditions set out in the pertinent statutes. When he violates the probation so afforded him, he cannot be heard to complain that the operation of the statute constitutes double jeopardy." 307 N.E.2d at 282–283.

See also *State v. Payne,* 404 So.2d 1055 (Fla.1981), and *State v. Perkins,* 121 N.H. 713, 435 A.2d 504 (1981); *Contra, Nelson v. State,* 617 P.2d 502 (Alaska 1981), and *Commonwealth v. Tomlin,* 232 Pa.Super. 147, 336 A.2d 407 (1975).

Our decision is also supported by statements made by the United States Supreme Court in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In *DiFrancesco* the Court considered whether a Federal statute which allowed the Government to appeal a sentence imposed by the trial court under a statute providing for increased sentences for convicted dangerous special offenders violated the Double Jeopardy Clause of the Fifth Amendment. In considering this issue the Court discussed the application of the Double Jeopardy Clause, noting the special weight given to an acquittal—that once a defendant is acquitted, there is an absolute prohibition against a retrial. 449 U.S. at 129, 101 S.Ct. at 443. The Court then described the issue before it as being "to determine whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal. We conclude that neither the history of sentencing practices, nor the pertinent rulings of this Court, nor even considerations of double jeopardy policy support such an equation." 449 U.S. at 132, 101 S.Ct. at 435.

Thus the Court concluded that allowing the Government to appeal a sentence imposed on a dangerous special offender did not violate the Fifth Amendment protection against subjection to double jeopardy. 449 U.S. at 139, 101 S.Ct. at 438.

In reaching this decision the Court stated:

"The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. Congress has established many types of criminal sanctions under which the defendant is unaware of the precise extent of his punishment for significant periods of time, or even for life, yet these sanctions have not been considered to be violative of the Clause. Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment. There are other situations where probation or parole may be revoked and sentence of imprisonment imposed. While these criminal sanctions do not involve the increase of a final sentence, and while the defendant is aware at the original sentencing that a term of imprisonment later may be imposed, the situation before us is different in no critical respect. Respondent was similarly aware that a dangerous special offender sentence is subject to increase on appeal. His legitimate expectations are not defeated if his sentence is increased on appeal any more than are the expectations of the defendant who is placed on parole or probation that is later revoked." [Citations omitted.] 449 U.S. at 137, 101 S.Ct. at 437.

In this case Jones was on probation, and Section 12.1–32–07(4) gave Jones notice that a violation of the conditions of his probation could result in the imposition of *any* sentence which was originally avail-

able. This includes a sentence which is more severe than the sentence originally imposed. Thus Jones should have expected that a violation of the conditions of his probation could result in a harsher sentence.

Therefore, we conclude that resentencing a defendant after revoking his probation to a sentence greater than that originally imposed does not violate the Fifth Amendment guarantee against subjection of the defendant to double jeopardy.

### III

█ Finally, Jones claims that our decision in *State v. Nace*, 371 N.W.2d 129 (N.D. 1985), prohibited the trial court from imposing a greater sentence at the time of resentencing than was imposed in the initial sentence. We disagree.

In *State v. Nace*, this court held that the term of a combined sentence of imprisonment and probation may not exceed the maximum term for which a defendant might have been imprisoned. 371 N.W.2d at 132. Thus *Nace* does not prohibit the court from sentencing a defendant who has violated the conditions of his probation to a sentence greater than the one originally imposed upon the defendant.

In this case Jones was sentenced at the time of resentencing to four years in prison and six years of probation. This equals a combined sentence of ten years. Jones was convicted of gross sexual imposition in violation of Section 12.1–20–03(1)(d), which is classified as a Class A felony. A Class A felony is punishable by up to twenty years' imprisonment. Thus the ten-year term of Jones's combined sentence was well within the maximum term of twenty years to which Jones might have been sentenced. Therefore, the trial court did not violate the holding of *State v. Nace*.

The order is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.