**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Thomas Keith VAVROSKY, Defendant and Appellee.**

**Cr. No. 890037.**

Supreme Court of North Dakota.

June 27, 1989.

John T. Goff, Asst. State's Atty., Fargo, for plaintiff and appellant.

C. Charles Chinquist, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

This is an appeal brought by the State from an order of the sentencing court granting defendant's motion to correct an illegal sentence. We reverse and remand.

On December 5, 1986, the defendant in this case, Thomas Keith Vavrosky, was arrested on a charge of forgery. He was released that same day after appearing in county court and posting bond. On January 6, 1987, Vavrosky pleaded guilty and was sentenced to two years at the North Dakota State Penitentiary. The sentencing court suspended the sentence and placed Vavrosky on supervised probation for two years.

Approximately a year later, Vavrosky was brought back before the court for probation violations. The court resentenced Vavrosky to serve two years at the State Penitentiary, suspending all but six months of the sentence. He was incarcerated pursuant to that sentence.

On December 29, 1988, another probation violation hearing took place and the sentencing court issued an order revoking probation and sentenced Vavrosky to serve 18 months in the North Dakota State Penitentiary commencing on that date. Vavrosky filed a motion pursuant to Rule 35, N.D.R. Crim.P., to correct an illegal sentence. He argued that Section 12–53–11, N.D.C.C., requires that the two-year suspended sentence "should have been considered as beginning upon December 5, 1986, with an exclusion of the 31 days that the Defendant was released on bond prior to his plea of guilty in sentencing on January 7 [*sic*], 1987." The sentencing court granted the motion and the State appealed.

We consider first Vavrosky's argument that this case should be dismissed because the State may not appeal from an order granting a motion for correction of an illegal sentence.

The right to appeal is a statutory right. *State v. Jefferson Park Books, Inc.*, 314 N.W.2d 73 (N.D.1981). Thus, if a statute does not authorize an appeal, none may be taken. Section 29–28–07(4), N.D.C.C., provides that the State may appeal from "[a]n order made after judgment affecting any substantial right of the state." We therefore confront the question of whether the order which declared Vavrosky's sentence illegal affected a substantial right of the State.

In *State v. Rueb*, 249 N.W.2d 506 (N.D.1976), this court held that an order issued by a sentencing court which reduced an earlier sentence imposed is an order that affects a substantial right of the State and is therefore appealable. In that case we were primarily concerned about compliance with procedures rather than the individual judgment of the trial judge. Likewise, in this case we are concerned about the correct procedure to be followed when a judge is faced with revoking an individual's probation. Because it is the procedure we are concerned with, as distinguished from the

individual judgment of the trial judge, we hold that Section 29–28–07(4), N.D.C.C., authorizes this appeal.

On appeal, the State suggests that the sentencing court's ruling in effect was that under Section 12–53–11, N.D.C.C., the sentencing court had no authority upon terminating probation to impose a sentence that would extend beyond the original two-year sentence established by the original sentencing court.[1] The State argues that "the language relied upon by the defendant and the trial court is intended simply to ensure a defendant receives full credit for all time spent *in custody* beginning upon the first day he was taken into custody and continuing through the date of final sentence upon revocation of probation. Section 12–53–11, N.D.C.C., has no limiting impact upon what sentence the court may impose upon revocation of probation." [Emphasis in original.] It is the State's position that, pursuant to *State v. Jones*, 418 N.W.2d 782 (N.D. 1988), and *State v. Miller*, 418 N.W.2d 614 (N.D.1988), when probation has been terminated, a sentencing court may impose any sentence originally available.

At the hearing on the motion to correct an illegal sentence, the following colloquy took place:

"THE COURT: ... I think 12–53–11 is clear. It requires that we start his sentence on the 6th of January of 1987. I'm stuck with the two years....

.     .     .     .     .

"MR. GOFF [Assistant State's Attorney]: If the Court, as it did, imposed a two-year sentence and suspended it for two years in January of 1987 and we revoked the probation in December of '88, we only have a month to work with?

"THE COURT: That's it."

We interpret the sentencing court's holding to be that once the sentence commenced it kept running, notwithstanding the fact that Vavrosky was released on probation, and, as a result, the court had no authority to sentence Vavrosky to any term longer than that originally imposed.

Vavrosky's argument before the sentencing court, and ostensibly one of his arguments here, is that time he spent released on probation is time spent in "custody" under Section 12–53–11. He also argued before the sentencing court, and appears to argue here, that because he was placed in custody on December 5, 1986, and was sentenced to two years, his sentence had expired by the time the court issued its order revoking probation on December 29, 1988.[2]

Section 12–53–11 provides in part that "[w]hen the probation has been terminated, the original sentence shall be considered as beginning upon the *first day in custody* as defined in subsection 2 of Section 12.1–32–02, but not to include any time spent while

---

1. The order appealed from provides:

   "The Defendant's Rule 35 Motion to Correct an Illegal Sentence having come on before the Court for hearing on January 9, 1989, Honorable Lawrence A. Leclerc presiding, the Plaintiff being represented by John Goff, Assistant Cass County State's Attorney, and the Defendant not appearing but being represented by his attorney, C. Charles Chinquist of Fargo, North Dakota, and the Court having reviewed the files and records herein and hearing statements of counsel, does hereby

   "ORDER that Defendant's Rule 35 Motion to Correct Illegal Sentence is granted.

   "IT IS FURTHER ORDERED, pursuant to NDCC § 12–53–11, that Defendant's sentence of two years to the state penitentiary at Bismarck, North Dakota shall be considered as commencing at 12:00 noon on January 6, 1987. The order entered on the 29th day of December, 1988, wherein the Court found that the Defendant violated the terms and condi-

   tions of his probation, ordered the Defendant to serve 18 months at the North Dakota State Penitentiary at Bismarck, North Dakota commencing at 12:00 noon as of the 29th day of December, 1988, hereby stands corrected.

   "Dated this 9th day of January, 1989.

   "BY THE COURT:

   "[Signed] *Lawrence A. Leclerc*, District Judge"

2. While the basis of the sentencing court's decision may not be entirely clear, it is clear that it did not hold that Vavrosky's sentence commenced on December 5, 1986. See footnote 1, supra, wherein we quote from the sentencing court's order of January 9, 1989, in which it stated that the "Defendant's sentence of two years to the state penitentiary at Bismarck, North Dakota *shall be considered as commencing at 12:00 noon on January 6, 1987.*" [Emphasis added.]

released on bond prior to trial." [Emphasis added.] Section 12.1–32–02(2) provides:

"Credit against any sentence to a term of imprisonment shall be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed, or as a result of the conduct on which such charge was based. 'Time spent in custody' shall include time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal."

■ We note that "probation" is not included in the definition of "time spent in custody." Vavrosky's contention is that the language of Section 12–53–11 which provides that time spent in custody does "not include any time spent while released on bond prior to trial" suggests that probation is to be considered "time spent in custody." If that were the case, it would mean that a person who is sentenced to five years with five years suspended and placed on probation, but immediately absconds only to be apprehended six years later, will not have to serve any time in prison because his period of probation has run. The effect is that, as time passes, there is less and less of an incentive to abide by conditions of probation. But we construe statutes in such a way as to avoid ludicrous and absurd results, if at all possible. *State v. Ronngren*, 356 N.W.2d 903 (N.D.1984). In the absence of a specific statutory provision to the contrary, we thus hold that probation is not "time spent in custody" and therefore Vavrosky is not entitled to credit for time he was released on probation under Section 12–53–11. Compare *State v. Jackson*, 272 N.W.2d 102 (S.D.1978) [probation is not an alternative sentence and therefore upon revocation of

probation the offender can be incarcerated for the full term of the sentence with credit given for time served in jail].

■ The State next argues that Section 12–53–11 does not limit the sentence a court may invoke after terminating probation.

Section 12–53–11 provides in part:

"The court, after a full investigation and a personal hearing, may revoke the suspension of the sentence of a person convicted of a felony and placed on probation and may terminate the probation and cause said person to suffer the penalty of the sentence previously imposed upon him, ... When probation has been terminated, the original sentence shall be considered as beginning upon the first day in custody as defined in subsection 2 of section 12.1–32–02, but not to include any time spent while released on bond prior to trial."

The State relies on *State v. Jones, supra,* and *State v. Miller, supra,* as authority for a sentencing court, upon terminating probation, to resentence an offender to any sentence originally available.[3] In *Miller,* 418 N.W.2d at 616, we stated that when an individual is given a suspended execution of sentence and placed on probation, Section 12.1–32–07(4), N.D.C.C.,[4] authorizes the court to "resentence a defendant to any sentence initially available within the provisions of Sections 12.1–32–02 and 12.1–32–09 when it revokes the defendant's probation." Vavrosky argues that those cases have no application to this case because Section 12–53–11 is controlling. In support of his argument, Vavrosky asserts that Section 12–53–11 is more specific than Section 12.1–32–07(4) and that Section 12–53–11 was amended more recently than Section 12.1–32–07(4). While we agree with the legal principles of statutory interpreta-

**3.** *Miller* [418 N.W.2d 614 (N.D.1988) ] and *Jones* [418 N.W.2d 782 (N.D.1988) ] were not cited to the trial court by either party nor were those cases cited by the trial court in reaching its decision.

**4.** Section 12.1–32–07(4), N.D.C.C., provides:
"The court may, upon notice to the probationer, modify or enlarge the conditions of a sentence to probation at any time prior to the expiration or termination of the period for

which the sentence remains conditional. If the defendant violates a condition at any time prior to the expiration or termination of the period, the court may continue him on the existing sentence, with or without modifying or enlarging the conditions, or if such continuation, modification, or enlargement is not appropriate, may impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing."

tion he argues, we disagree with his application of those principles.

When construing a statute, "[c]onsideration must be given to the ordinary sense in which words are used, the context in which they are used, and the background for the statute as far as can be ascertained from the whole act." *State v. Brandon,* 413 N.W.2d 340, 343 (N.D.1987). The language of Section 12–53–11 was first enacted in 1909. 1909 N.D.Sess.Laws. Ch. 174, § 7. Prior to its amendment in 1975, it provided that when probation was terminated and the defendant was ordered to serve the sentence previously imposed, the original sentence was to be considered as beginning upon the first day of imprisonment in the penitentiary. Compare 1963 N.D.Sess. Laws Ch. 124, § 26, and 1975 N.D.Sess. Laws Ch. 114, § 5. This provision was amended in 1975 to provide that the original sentence is to be considered as beginning upon the first day in custody as defined in subsection 2 of Section 12.1–32–02. Vavrosky contends that as a result of the amendment and reenactment of Section 12–53–11 in 1975, that section supersedes Section 12.1–32–07. We do not agree; it is apparent to us that the intent of the 1975 amendment was to permit credit to be given for any time spent in custody, not only time spent in the penitentiary after probation was terminated. The amendment also removed any conflict between Section 12–53–11 and Section 12.1–32–02(2), which requires that credit against any sentence to a term of imprisonment shall be given to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed, or as a result of the conduct on which the charge was based.

There is no indication that it was intended to abrogate any of the provisions in Chapter 12.1–32.

Section 12.1–32–07(4), on the other hand, was enacted by the Legislature in 1973 as part of a comprehensive revision of our criminal code. See 1973 N.D.Sess.Laws Ch. 116, § 31. It was obviously intended to be the paramount legislation not only in defining criminal offenses but also in the area of sentencing and probation. Thus, even if there is a conflict between the two sections, and we do not concede there is, Section 12.1–32–07(4) controls.[5] Therefore, in accordance with *Miller,* the trial court, on December 29, 1988, was authorized under Section 12.1–32–07(4) to resentence Vavrosky to any sentence available at the time of the initial sentence, with credit given him for all time spent in custody as a result of the sentence for the crime of forgery.[6]

Because the order of December 29, 1988, revoking Vavrosky's probation and sentencing him to 18 months at the State Penitentiary would not result in a sentence exceeding the maximum sentence, the sentence was not illegal.[7] Accordingly, the order of January 9, 1989, is vacated and the case is remanded for reinstatement of the order revoking probation and sentencing Vavrosky to 18 months in the North Dakota State Penitentiary.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**5.** The 1989 Legislative Assembly passed House Bill 1052 which repeals Chapter 12–53 and amends Section 12.1–32–07.

**6.** From the conclusion we reach today, it necessarily follows that even if Vavrosky was in custody on December 5, 1986, the original sentence had not yet expired when the court issued its order revoking probation on December 29, 1988. Furthermore, the order issued on December 29, 1988, revoking probation and sentencing Vavrosky to 18 months at the penitentiary does not result in Vavrosky's being incarcerated for a period of time longer than that for which he was originally sentenced.

**7.** In *State v. Nace,* 371 N.W.2d 129 (N.D.1985), we concluded that a combined term of imprisonment and probation cannot exceed the maximum sentence of imprisonment for the offense of which the defendant was convicted. However, the rule laid down in that case has no direct application to this action. In *Nace,* we considered the issue of sentencing an individual to a term of imprisonment and then probation which extended beyond the maximum sentence. In this case the maximum sentence was not imposed.