# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 254

State of North Dakota,                                    Plaintiff and Appellee

v.

Jeremy John Ferderer,                                   Defendant and Appellant

No. 20180072

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kiara Costa Kraus-Parr, Grand Forks, ND, for defendant and appellant.

Marina Spahr (argued) and Patrick W. Waters (appeared), Assistant State's Attorneys, Bismarck, ND, for plaintiff and appellee.

**Crothers, Justice.**

[¶1]  Jeremy Ferderer appeals from a January 25, 2018 order entered after the district court initially denied his self-represented motions under N.D.R.Crim.P. 35(a) for correction of an illegal sentence and for summary judgment, and thereafter denied his self-represented "informational motion to compel and answer."  We affirm the January 25, 2018 order.

I

[¶2]  In November 2013 Ferderer pled guilty to stalking, a class C felony.  The district court sentenced Ferderer to the custody of the Department of Corrections for 5 years with all but 18 months suspended and, following release from the Department of Corrections, placed him in the custody of the division of parole and probation for 5 years.  The judgment gave Ferderer credit for 32 days for time served.  According to the State, Ferderer was released from incarceration on supervised probation on October 14, 2014.  In March 2017 the court revoked Ferderer's probation and an amended judgment was entered committing him to the custody of the Department of Corrections for 4 years.  The amended judgment gave Ferderer credit for 18 months and 68 days for time served.

[¶3]  Ferderer sent the district court a July 17, 2017 letter requesting a recalculation of his credit for time served.  The State responded to Ferderer's request with its own recalculation, claiming he had received too much credit for time served.  The State asserted Ferderer's credit for time served should have been decreased from 18 months and 68 days to 11 months and 107 days.  A second amended judgment was filed on August 4, 2017, reducing Ferderer's credit for time served to 11 months and 107 days.

[¶4]  In December 2017 Ferderer filed self-represented motions under N.D.R.Crim.P. 35(a) for correction of an illegal sentence and for summary judgment.  In an affidavit in support of his motion to correct an illegal sentence, Ferderer claimed

1

every part of his sentence for a class C felony, including the term of probation, must fall within a five year maximum incarceration range and that the double jeopardy clause forbids more than a single punishment of incarceration. He claimed "PUNISHMENT includes both imprisonment and supervision upon release and credit must be given both to keep sentence from being a double jeopardy violation and to keep a sentence from exceeding the maximum punishment." The State responded, arguing Ferderer's sentence was not illegal because his was a second conviction for stalking, and under N.D.C.C. § 12.1-32-06.1(6)(a) and (b) he was subject to ten years of supervised probation in no more than five year increments.

[¶5] In a January 5, 2018 order the district court denied Ferderer's motions for correction of an illegal sentence and for summary judgment. The court explained the revocation of Ferderer's probation did not constitute double jeopardy, and neither the original sentence nor the amended sentence exceeded the maximum sentence allowed by law.

[¶6] On January 19, 2018, Ferderer filed an "informational motion to compel and answer." On January 25, 2018, the court denied that motion, stating there was "no matter pending to which a motion to compel could be addressed" and if Ferderer's motion was intended as a motion to reconsider the earlier January order, the motion to reconsider was denied. Ferderer filed a self-represented notice of appeal from the January 25, 2018 order.

II

[¶7] Ferderer argues the district court erred in denying his motion to correct an illegal sentence. He essentially argues all individuals on parole are deemed to be serving their sentence and he was entitled to credit for time served while he was on parole. He claims the August 2017 second amended judgment contained an illegal sentence.

[¶8] However, Ferderer's notice of appeal states his appeal is "from the judgment by [the district] court on January 25, 2018." The court's January 25 order denied Ferderer's "informational motion to compel and answer." The court also said that to

2

the extent Ferderer's motion was intended as a motion to reconsider the earlier January order denying his motion to correct an illegal sentence, the motion was denied.

[¶9]    Contrary to Ferderer's argument, he has not directly or timely appealed from the August 2017 second amended judgment or the January 5, 2018 order denying his motion to correct an illegal sentence. Ferderer's notice of appeal limits this Court's review to the district court order denying his "informational motion to compel and answer."

[¶10]   We agree with the district court that there was no pending matter for which a motion to compel could be addressed. To the extent the court treated Ferderer's January 2018 "informational motion to compel and answer" as a request for reconsideration of his December 2017 motion to correct an illegal sentence, his January 2018 motion did not provide any cogent rationale meriting reconsideration of his earlier motion. We conclude the court did not err in denying his later motion.

[¶11]   To the extent Ferderer's December 2017 motion to correct an illegal sentence claimed his sentence in the second amended judgment violated double jeopardy, this Court has held that the revocation of a sentence based upon a probation violation and the imposition of a greater sentence than originally imposed does not violate double jeopardy. *State v. Jones*, 418 N.W.2d 782, 783-86 (N.D. 1988). Those principles are dispositive of Ferderer's double jeopardy argument in his December motion to correct the claimed illegal sentence.

### III

[¶12]   We affirm the January 25, 2018 order.

[¶13]   Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.

3