**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Larae Irene LINDGREN, a/k/a Larae Williams, Defendant and Appellant.**

**Cr. No. 910413.**

Supreme Court of North Dakota.

April 21, 1992.

Brett M. Shasky (argued), Asst. States Atty., Fargo, for plaintiff and appellee.

Larae Irene Lindgren, pro se.

ERICKSTAD, Chief Justice.

Larae (LaRae) Irene Lindgren, a/k/a Larae (LaRae) Williams, appeals from the Order of the District Court for Cass County denying her motion for reduction of a sentence pursuant to Rule 35(a), N.D.R.Crim.P. She alleges the sentence was imposed in an illegal manner. We affirm.

On or about January 30, 1990, Larae Lindgren plead guilty, pursuant to a plea agreement, to the Class C felony charge of theft by deception. She was sentenced to serve a period of one year at the Cass County jail with all but 24 days suspended for a period of three years. The trial court directed that Lindgren serve 12 consecutive

weekends in jail commencing February 9, 1990, with authorization for work or school release. During the suspended period, Lindgren was to be placed on supervised probation.

On September 4, 1990, a Petition for Revocation of Probation was filed. After a hearing held on November 1, 1990, the trial court revoked the probation, but stayed resentencing on the revocation pending a complete presentence investigation. A hearing for sentencing on the revocation of probation was eventually scheduled for April 18, 1991. However, Lindgren did not appear at the hearing and a bench warrant was issued.[1]

On August 9, 1991, Lindgren appeared before the trial court and was resentenced to three years in the State Penitentiary commencing on August 9, 1991, with 18 months suspended for a period of 18 months with supervised probation during the suspended period and credit for 10 days previously spent in custody. Additionally, the trial court directed that Lindgren first serve a period of nine months before being eligible for treatment programs such as a halfway house or intensive supervision program.

On or about October 7 and October 14, 1991, Lindgren moved the court for a reduction of her sentence pursuant to Rule 35(b), N.D.R.Crim.P. The trial court denied the motion on October 22, 1991. On or about November 14, 1991, Lindgren moved the trial court to correct a sentence imposed in an illegal manner pursuant to Rule 35(a), N.D.R.Crim.P. The trial court denied this motion on November 19, 1991. It is from this order of November 19, 1991, denying Lindgren's Rule 35(a) motion that she appeals.

Lindgren first asserts that her initial sentence involved a suspended execution of a sentence and as such, under section 12.1–32–07(5), N.D.C.C., the trial court had authority only to make her serve the suspended part of the previously imposed sentence. Section 12.1–32–07(5)[2] reads:

"The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time prior to the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of the initial sentencing or deferment. *In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant.* [Emphasis added.]"

Lindgren asserts that the last sentence of section 12.1–32–07(5), N.D.C.C., specifically limits a court's authority on resentencing following a revocation of probation where the previous sentence involved a suspended sentence. We do not agree.

In 1989, section 12.1–32–07(5) [formerly 12.1–32–07(4) ], N.D.C.C., was amended by adding the sentence upon which Lindgren relies.[3] The sentence was taken from now repealed section 12–53–11, N.D.C.C., which read in relevant part:

1. Lindgren did not appear at the April 18, 1991, hearing apparently because she was committed as chemically dependent to the Fergus Falls Regional Treatment Center.

2. Section 12.1–32–07(5) [formerly 12.1–32–07(4) ], N.D.C.C., "reflects the policy that a sentence which includes probation is not final, but is designed to provide a flexible alternative which allows the court to monitor the defendant's conduct while on probation." *State v. Jones,* 418 N.W.2d 782, 784 (N.D.1988); *see also*

*State v. Miller,* 418 N.W.2d 614 (N.D.1988) (discussing comments to § 3102 of the 1970 Study Draft of the proposed Federal Criminal Code from which section 12.1–32–07(5) is, in part, based).

3. The 1989 Legislative Assembly repealed chapter 12–53 and made changes in the sentencing provisions in chapter 12.1–32. *See* S.L.1989, ch. 158. *See also* Report of the North Dakota Legislative Council, Fifty-first Legislative Assembly (1989) at pp. 136–140.

"The court, after a full investigation and a personal hearing, may revoke the suspension of the sentence of a person convicted of a felony and placed on probation and may terminate the probation and cause said person to suffer the penalty of the sentence previously imposed upon him, if the court shall determine at such hearing that the probationer has violated any of the rules and regulations prescribed for the conduct of probationers ."

In *State v. Gefroh*, 458 N.W.2d 479, 483 (N.D.1990), the defendant asserted that then section 12–53–11, N.D.C.C., limited a court's authority "to increase the length of a sentence imposed, but suspended, after revocation of probation." In rejecting this argument, we quoted from *State v. Vavrosky* as follows:

" 'Section 12.1–32–07(4) ... was obviously intended to be the paramount legislation not only in defining criminal offenses but also in the area of sentencing and probation. Thus, even if there is a conflict between the two sections, and we do not concede there is, Section 12.1–32–07(4) controls. Therefore, in accordance with [*State v.*] *Miller*, [418 N.W.2d 614 (N.D.1988)] the trial court, on December 29, 1988, was authorized under Section 12.1–32–07(4) to resentence Vavrosky to any sentence available at the time of the initial sentence, with credit given him for all time spent in custody as a result of the sentence for the crime of forgery.' "

*State v. Gefroh*, 458 N.W.2d at 483, quoting *State v. Vavrosky*, 442 N.W.2d 433, 437 (N.D.1989).

"By reenacting § 12.1–32–07(4), N.D.C.C., [now, 12.1–32–07(5), N.D.C.C.] and amending it by adding a sentence drawn, without substantial change, from former § 12–53–11, N.D.C.C., the Legislature impliedly adopted our construction of those sections." *State v. Gefroh*, 458 N.W.2d at 483–484. Accordingly, we adhere to our previous decisions that section 12.1–32–07(4) [now 12.1–32–07(5) ],

N.D.C.C., authorizes a trial court to resentence a defendant who violates a condition of probation to any sentence that was initially available.

■ Lindgren next asserts that resentencing her to more than the previous sentence imposed violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Lindgren argues that, although she was not told or promised that she would only have to serve the balance of the initial sentence imposed if her probation were revoked, she was not given notice that she could be sentenced to anything more than the suspended part of the previously imposed sentence and expected nothing more.

The Double Jeopardy Clause protects a criminal defendant's "legitimate expectations" of finality in his or her sentence. *State v. Foster*, 484 N.W.2d 113 (N.D. 1992); *United States v. Jones*, 722 F.2d 632, 637–639 (11th Cir.1983). In *State v. Jones*, 418 N.W.2d 782 (N.D.1988), we said:

"Section 12.1–32–07(4) gave Jones notice that a violation of the conditions of his probation could result in the imposition of *any* sentence which was originally available. This includes a sentence which is more severe than the sentence originally imposed. Thus Jones should have expected that a violation of the conditions of his probation could result in a harsher sentence."

*State v. Jones*, 418 N.W.2d at 785–786. As in *Jones*, section 12.1–32–07(5), in this case, gave Lindgren notice that a violation of probation could result in the imposition of a harsher sentence than that originally imposed. Accordingly, Lindgren had no "legitimate expectation" of finality in the sentence originally imposed.[4]

For the aforementioned reasons, the order of the district court denying Lindgren's motion to correct a sentence allegedly im-

---

**4.** We encourage trial judges, in the future, to include an appropriate warning in any suspended sentence that, upon violation of the conditions of probation, the defendant could receive any sentence initially available. This would stress the possibility of a more harsh sentence in the event the defendant violated probation and was resentenced. Plea agreements could also be fashioned with this thought in mind.

posed in an illegal manner pursuant to Rule 35(a), N.D.R.Crim.P., is affirmed.

VANDE WALLE, MESCHKE, LEVINE and JOHNSON, JJ., concur.