2007 ND 178

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Rae William McAVOY, Jr., Defendant and Appellant.**

No. 20070095.

Supreme Court of North Dakota.

Nov. 14, 2000.

Faye A. Jasmer, Assistant State's Attorney, and Derick J. Roller (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks, N.D., for plaintiff and appellee.

Darla J. Schuman, Grand Forks, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Rae W. McAvoy, Jr., appeals from a district court order revoking his probation and resentencing him for a period of ten years' imprisonment. We affirm.

I

[¶ 2] In 1995, McAvoy was found guilty of gross sexual imposition, a class A felony. His probation was subsequently revoked in 1999, 2000, and 2002. He was released from the North Dakota Department of Corrections in February 2005 and was placed on supervised probation. Supervision of his probation was transferred to Pennsylvania under the Interstate Compact for Adult Offender Supervision. One of the conditions of his probation was "no contact with minor children or vulnerable adults, unless under appropriate supervision." The conditions of probation provided, "failure to follow any one or more of those conditions may and probably will result in a revocation of the probation."

[¶ 3] In January 2007, on the basis of information from Pennsylvania authorities, the State of North Dakota petitioned to revoke McAvoy's probation. The State alleged McAvoy violated his probation by: 1) admitting to having been alone with minor children on three occasions; and 2) failing to reimburse the State's Attorney's office $500 for transportation costs. McAvoy reimbursed the State's Attorney's office in full prior to the revocation hearing.

[¶ 4] The North Dakota district court heard the matter on March 28, 2007. At the hearing, McAvoy denied the State's allegations. During the hearing, Christin Thelen, a North Dakota Department of Corrections probation officer, testified McAvoy had not completed a sex-offender treatment program. At the hearing, McAvoy admitted not completing treatment. The State also introduced evidence of a polygraph examination that had been administered to McAvoy. The polygraph examination was given because McAvoy's probation supervisor in Pennsylvania doubted whether McAvoy was being truthful in their meetings. The district court allowed the polygraph evidence because it

was a part of the sex-offender treatment program. The results indicated McAvoy was in need of more intense treatment. Frank Horvath, McAvoy's probation supervisor in Pennsylvania, testified McAvoy admitted he had been alone with his girlfriend's children on three occasions. He testified McAvoy admitted to him that he had picked up his girlfriend's children at daycare. McAvoy himself testified he picked up his girlfriend's children at daycare. He said he walked into the daycare center by himself and picked the children up.

[¶ 5] In its order, the district court found McAvoy had violated a term of his probation by being alone with minor children on three occasions. The court revoked his probation and resentenced him to ten years in prison. He received credit for the six and one-half years he had previously served.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 29–28–06.

## II

[¶ 7] In revocation-of-probation appeals, we first review the district court's factual findings and then review the district court's decision to revoke probation. *State v. Wardner*, 2006 ND 256, ¶ 17, 725 N.W.2d 215. When a violation is contested, the State need only prove a probation violation by a preponderance of the evidence. N.D.R.Crim.P. 32(f)(3)(B).

## A

[¶ 8] First, we review the district court's factual finding of a probation violation under the clearly erroneous standard. *State v. Causer*, 2004 ND 75, ¶ 31, 678 N.W.2d 552. " 'A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, when there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, the court is left with a definite and firm conviction that a mistake has been made.' " *Wardner*, 2006 ND 256, ¶ 19, 725 N.W.2d 215 (quoting *State v. Oien*, 2006 ND 138, ¶ 11, 717 N.W.2d 593).

[¶ 9] One of the conditions of McAvoy's probation was "no contact with minor children or vulnerable adults, unless under appropriate supervision." He was also required to successfully complete a rehabilitative or treatment program. At the revocation hearing, McAvoy admitted he had not completed his sex-offender treatment program. He also admitted to having been alone with his girlfriend's children on three occasions. McAvoy's own admissions provided sufficient evidence to support the district court's findings. Therefore, the court's findings were not clearly erroneous.

[¶ 10] McAvoy argues his contact with the children was minimal. He testified he was alone with the children for only a very short time. He would pick them up at daycare and then walk with them alone to the car, where the children's mother or McAvoy's father would be waiting.

[¶ 11] Interpretation of a condition of probation is a question of law, fully reviewable on appeal. *Wardner*, 2006 ND 256, ¶ 22, 725 N.W.2d 215. Conditions of probation are strictly construed in favor of the offender; however, the conditions are construed as mandatory because of the duty to regulate a probationer's activities to help in his or her rehabilitation and at the same time to guard against continued criminal behavior. *Id.*

[¶ 12] "Contact" is defined as " '[t]he coming together or touching of two objects' or '[t]he state of being in communica-

tion.'" *Id.* at ¶ 25 (quoting *American Heritage Dictionary* 315 (2d College ed.1985)). In this case, McAvoy admitted having contact with the children, regardless of how minimal it may have been. He was alone with the children when he picked them up at daycare, and he walked alone with them from the daycare to the vehicle. The district court found McAvoy's contact with the children was a violation of his probation. This finding was not clearly erroneous.

[¶ 13] McAvoy argues the district court erred in finding that he violated his probation by failing to complete sex-offender treatment. He argues the State did not allege that in its petition for revocation. During the hearing, however, when the State presented evidence that he had not completed treatment, he did not object.

[¶ 14] Because McAvoy did not object to the testimony regarding his failure to complete sex-offender treatment, this Court's review is for obvious error under N.D.R.Crim.P. 52(b). The burden is upon the defendant to show the error caused the defendant to suffer a serious injustice. *State v. Austin,* 2007 ND 30, ¶ 19, 727 N.W.2d 790. An obvious error is one that is prejudicial or affects the outcome of a proceeding. *State v. Krull,* 2005 ND 63, ¶ 6, 693 N.W.2d 631.

[¶ 15] In its order for revocation, the district court found McAvoy violated his probation by having been alone with minor children on three occasions. It did not find a violation for failure to complete sex-offender treatment. Therefore, the omission of McAvoy's failure to complete treatment from the petition for revocation was not prejudicial. The court found he had violated his probation by being alone with minor children, not by failing to complete treatment.

[¶ 16] McAvoy also argues the district court erred by allowing the results of the polygraph test. The district court admitted evidence of the polygraph test, not for the truth that McAvoy had violated his probation, but to show he may be in need of more intense treatment. A review of the record shows the court did not rely on the results of the polygraph in making its ruling. Other evidence independent of the polygraph showed McAvoy had violated his probation, specifically, McAvoy's own admissions. The court did not err in admitting the polygraph evidence.

B

[¶ 17] Next, we decide whether the district court abused its discretion in revoking the defendant's probation. *Wardner,* 2006 ND 256, ¶ 26, 725 N.W.2d 215. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misapplies or misinterprets the law. *Id.*

[¶ 18] McAvoy argues his probation should not have been revoked, because his contact with the children was minimal. A condition of McAvoy's probation prohibited him from having any contact with minor children unless under appropriate supervision. The conditions of probation also specified that a failure to follow one or more of the conditions may and probably will result in a revocation of the probation. The district court found McAvoy had violated his probation by being alone with his girlfriend's children. McAvoy knew his probation could be revoked if he violated one or more of the conditions. We conclude the court did not abuse its discretion when it revoked McAvoy's probation.

## III

[¶ 19]   The district court's order revoking McAvoy's probation is affirmed.

[¶ 20] GERALD W. VANDEWALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.