2001 ND 85

**Gregory James DAVIS, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20000335.

Supreme Court of North Dakota.

May 1, 2001.

Gregory James Davis (submitted on brief), pro se, Bismarck, petitioner and appellant.

Wade L. Webb (submitted on brief), Assistant State's Attorney, Fargo, for respondent and appellee.

MARING, Justice.

[¶ 1] Gregory James Davis appeals from an order for judgment denying his application for post-conviction relief. A judgment of dismissal was entered on December 8, 2000, and we affirm the judgment of dismissal.[1]

## I

[¶ 2] On June 2, 1994, Davis plead guilty to one count of gross sexual imposition under a plea agreement. The trial court sentenced Davis on June 2, 1994, to the State Penitentiary for a period of ten years, commencing June 2, 1994, with four years suspended for a period of four years after the period of incarceration. During the suspended period, Davis was to be on supervised probation subject to several conditions ultimately set forth in an Ap-

---

1. An attempted appeal from a memorandum opinion or an order for judgment is interlocutory and not appealable. If, however, the trial court subsequently enters a final judgment, we will treat an appeal from the memorandum opinion and order for final judgment as an appeal from the final judgment. *Thompson v. Associated Potato Growers, Inc.,* 2000 ND 95, ¶ 6 n. 2, 610 N.W.2d 53.

pendix attached to the criminal judgment. One of the conditions required Davis to successfully complete a sex offender treatment program. At the sentencing, the trial court told Davis:

It is the order and sentence of this Court that you, Gregory James Davis, on Count 1, gross sexual imposition, shall be imprisoned in the North Dakota State Penitentiary at Bismarck, North Dakota, for a period of ten years commencing on today's date. That you first serve a period of six years in the penitentiary, and the balance of four years is suspended for a period of four years commencing after the period of incarceration. During the suspended period, you will be placed on a supervised probation subject to the terms and conditions of probation as set forth in your agreement.

The important thing to understand here is that upon any revocation of probation, the Court may impose any other sentence that was available at the initial sentencing. That is today. In other words, if you get out and you violate your probation and you're brought back to me, you can then be sentenced to the full 20 years. That's the way that works. And if you come back, you can expect something like that. . . .

. . . If you don't complete the rehabilitation programs and you're subject to release, that will be a violation of probation. There will be a bench warrant for your arrest waiting for you at the penitentiary.

[¶ 3] Davis did not complete the sex offender treatment program while in prison. On October 14, 1999, in anticipation of his scheduled release on October 25, 1999, the State petitioned the trial court to revoke Davis' probation, alleging he had not complied with the sex offender treatment program. At the revocation hearing on November 8, 1999, Davis admitted he was in noncompliance with the sex offender treatment program. Following the hearing, the trial court concluded Davis failed to successfully complete the program, revoked his probation and sentenced him to twenty years in the State Penitentiary, with six years credit. Thereafter, Davis wrote a letter to the trial court, requesting it reduce his sentence. On February 23, 2000, the court entered an Order denying Davis' request under Rule 35(b), N.D.R.Crim.P.

[¶ 4] On October 27, 2000, Davis filed an application for post-conviction relief, arguing his original sentence was unlawfully revoked. The trial court entered a Memorandum Opinion and Order for Judgment on November 24, 2000, summarily denying Davis' post-conviction relief application. Davis filed his Notice of Appeal on November 29, 2000, and a Judgment of Dismissal was entered December 8, 2000.

## II

[¶ 5] Under N.D.C.C. § 29-32.1-09(1), a trial court may summarily deny an application for post-conviction relief if there is no genuine issue of material fact and as a matter of law the moving party is entitled to judgment. *Clark v. State*, 1999 ND 78, ¶ 5, 593 N.W.2d 329. Our review of a summary denial of an application for post-conviction relief is akin to our review of a denial of summary judgment under N.D.R.Civ.P. 56. *Abdi v. State*, 2000 ND 64, ¶ 8, 608 N.W.2d 292. The "party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Syvertson v. State*, 2000 ND 185, ¶ 13, 620 N.W.2d 362 (citation omitted).

▮ [¶ 6] Davis contends he did not willfully violate a condition of his probation because he interprets "condition" of probation to be completed while on probation and not while in prison. We disagree.

▮ [¶ 7] The trial court has broad discretion to impose prior conditions of probation upon a defendant while in prison under N.D.C.C. § 12.1–32–07, which provides a list of conditions the court may impose. *State v. Bender*, 1998 ND 72, ¶ 9, 576 N.W.2d 210. Although N.D.C.C. § 12.1–32–07 does not specifically list sex offender treatment as a condition of probation, the list of conditions is nonexclusive. *Id.* The imposition of conditions of probation is purely a matter of judicial discretion, and the trial court is authorized to tailor certain conditions to meet the particular facts and circumstances of each case. *Id.* Moreover, we have concluded a trial court may require a defendant to successfully complete a sex offender treatment program while in prison as a prior condition of probation. *State v. Shepherd*, 554 N.W.2d 821, 822–23 (N.D.1996).

[¶ 8] The Criminal Judgment and Commitment required Davis to "[a]ttend, participate in, cooperate with and successfully complete ... the sex offender treatment program at the North Dakota State Penitentiary." At the initial sentencing hearing, the trial court told Davis: "[i]f you don't complete the rehabilitation programs and you're subject to release, that will be a violation of probation." Davis admitted he did not complete the program, and both the Criminal Judgment and the trial court's statements make it clear he was required to complete the program as a prior condition to probation. The Criminal Judgment is unambiguous. The trial court properly concluded Davis willfully violated his probation.

III

[¶ 9] Davis next contends that when the trial court revoked his sentence and resentenced him to a harsher sentence than his original sentence, it violated his double jeopardy and due process rights. Davis argues the trial court could not sentence him to anything more than the suspended period of his previously imposed sentence.

▮ [¶ 10] The guarantee against double jeopardy protects a "criminal defendant's 'legitimate expectations' of finality in his or her sentence." *State v. Lindgren*, 483 N.W.2d 777, 779 (N.D.1992). It ensures that the criminal defendant will not be subjected to multiple punishments for the same offense. *State v. Jones*, 418 N.W.2d 782, 784 (N.D.1988).

▮ [¶ 11] Under N.D.C.C. § 12.1–32–07(6), a trial court is authorized to resentence a defendant who violates a condition of probation to any sentence that was initially available:

The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, *or may revoke the probation and impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing or deferment.* In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant.

(Emphasis added.) A sentence which includes probation is not final, and section 12.1–32–07(6), N.D.C.C., is intended to provide the trial court with a flexible alternative to monitor the defendant's conduct while on probation. *Jones*, 418 N.W.2d at 784. We have stated resentencing a defendant to a harsher sentence than his original sentence imposed does not subject him to multiple punishments for the same offense. *Id.* Such a practice, rather, "reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence of probation was not effective and must be altered." *Id.* The trial court's decision to resentence Davis to twenty years did not subject him to multiple punishments for the same offense. Accordingly, the trial court did not violate Davis' double jeopardy rights.

[¶ 12] Davis also contends he was denied due process because he was not given notice that he could be sentenced to anything more than the suspended part of his previously imposed sentence if his probation were revoked. Under our Federal and State Constitutions, due process requires that the probationer receive actual notice that his conduct could lead to revocation. *State v. Monson*, 518 N.W.2d 171, 173 (N.D.1994).

[¶ 13] North Dakota Century Code § 12.1–32–07(6) (1993) gave Davis actual notice that a violation of the conditions of his probation could result in the imposition of any other sentence that was initially available, including a sentence that is more severe than his originally imposed sentence.[2] *Lindgren*, 483 N.W.2d at 779; *Jones*, 418 N.W.2d at 784.

[¶ 14] After violating his probation, therefore, Davis could expect to receive a harsher sentence than his original sentence. The trial court did not violate Davis' due process rights.

IV

[¶ 15] Finally, Davis asks this Court to overturn our decision in *State v. Jones*, 418 N.W.2d 782 (N.D.1988), which holds the trial court has authority to resentence a defendant, whose probation is revoked, to any sentence available at the time of the initial sentencing without violating the Double Jeopardy Clause. *See* Annot., *Propriety of Increased Sentence Following Revocation of Probation*, 23 A.L.R.4th 883 (1983 & Supp.2000) (recognizing that some courts have held that such resentencing does not violate double jeopardy while other courts have held that upward modifications of sentences constitute double jeopardy). Davis, however, has presented no persuasive argument justifying a modification of our current case law, and we, therefore, decline his invitation.

[¶ 16] We affirm the judgment, denying Davis' application for post-conviction relief.

[¶ 17] VANDE WALLE, C.J., NEUMANN, SANDSTROM, KAPSNER, JJ., concur.

---

2. In *Lindgren*, we encouraged trial courts to provide an appropriate warning in any suspended sentence that, upon violating the conditions of probation, a defendant could receive any sentence that was initially available. 483 N.W.2d at 779 n.4. We also suggested plea agreements be drafted with this thought in mind. *Id.* Both were done here.