# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3822

_____

Gregory James Davis,      *
        *
     Appellee,      *
        *    Appeal from the United States
     v.      *    District Court for the
        *    District of North Dakota.
Timothy Schuetzle, Warden of North      *
Dakota State Penitentiary,      *        [UNPUBLISHED]
        *
     Appellant.      *

_____

Submitted: June 19, 2002

Filed: July 25, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

North Dakota State Penitentiary (NDSP) Warden Timothy Schuetzle (State) appeals from the district court's order granting inmate Gregory James Davis's 28 U.S.C. § 2254 petition. We reverse.

In 1994, Mr. Davis signed an agreement to plead guilty, in North Dakota state court, to gross sexual imposition. The agreement noted the statutory maximum prison term of 20 years and stated that if Mr. Davis's sentence included probation, he was "aware that the violation of any condition of probation may result in a revocation of

probation, at which time the Court may impose any sentence that was available at the time of the initial sentencing or deferment as provided by law." Mr. Davis was sentenced to 10 years imprisonment, specifically, 6 years imprisonment with the balance suspended for 4 years commencing after the period of incarceration. At the sentencing hearing, the state court warned him that if he violated his probation, he could "then be sentenced to the full 20 years." Additionally, the written order provided: "Upon revocation of probation, the Court may impose any other sentence that was available at the time of the initial sentencing or deferment as provided by law."

In 1999, while Mr. Davis was still incarcerated, the State petitioned to revoke his probation. At the revocation hearing, Mr. Davis, represented by counsel, admitted that he was in noncompliance with a probation condition requiring him to "[a]ttend, participate in, cooperate with and successfully complete" NDSP's sex-offender treatment program. Mr. Davis also admitted that he would not be able to complete the program within the time remaining on the incarceration portion of his sentence. Consequently, the state court imposed a revocation sentence of 20 years imprisonment, with credit for time served. Mr. Davis promptly filed a sentence-reduction motion, which the state court denied.

The state trial court dismissed Mr. Davis's subsequent application for postconviction relief, and the North Dakota Supreme Court affirmed. Specifically, the state supreme court concluded that under state case law and N.D. Cent. Code § 12.1-32-07(6) (1993), the trial court could require Mr. Davis to successfully complete a sex-offender treatment program while in prison as a prior condition of probation, and upon revocation of probation the court could sentence him to any sentence that was available initially. The court also held that the trial court had not violated due process, because section 12.1-32-07(6) gave Mr. Davis notice that he could be resentenced to more than the sentence's suspended portion, and the trial court's remarks at sentencing and the criminal judgment had made it clear that

-2-

Mr. Davis was required to complete the program as a condition to probation. See Davis v. State, 625 N.W.2d 855, 858-59 (N.D. 2001).

Mr. Davis thereafter filed his petition for section 2254 relief, claiming as relevant that his resentencing violated due process. The district court concluded that increasing Mr. Davis's incarceration through the legal fiction of calling the successful-treatment requirement a prior condition of probation violated the court's concept of due process. The court thus directed the State to establish a presumptive release date for Mr. Davis based on his original 10-year sentence.

On appeal, the State argues, inter alia, that the district court improperly granted relief based on a due process claim not asserted in the section 2254 petition, that Mr. Davis presented only a state-law sentencing issue, and that he received sufficient notice of the terms and conditions of his probation to satisfy due process.

Having reviewed the factual findings for clear error, and questions of law or mixed questions of law and fact de novo, see Johnston v. Luebbers, 288 F.3d 1048, 1051 (8th Cir. 2002), we conclude that Mr. Davis's pro se habeas petition raised the due process claim upon which the district court granted relief: his petition twice mentioned due process violations with respect to resentencing and referred to two attached briefs for details. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers). Consequently, Mr. Davis raised more than a state-law sentencing issue.

Turning to the merits of the district court's decision, we conclude that the court erred because the state court's holding that Mr. Davis was on notice was not unreasonable. See 28 U.S.C. § 2254(d)(2) (state inmate's habeas petition shall not be granted with respect to any claim that was adjudicated on merits in state court proceedings unless adjudication of claim resulted in decision that was based on

unreasonable determination of facts in light of evidence presented in state court proceeding).  Mr. Davis was warned at sentencing that if he violated his probation, he could "then be sentenced to the full 20 years."  This could reasonably be interpreted to mean that if Mr. Davis did not complete the sex-offender treatment program, he could be sentenced to serve the entire 20 years.  The plea agreement and the written judgment provided him with further notice that he faced incarceration for the full 20 years if he violated a probation condition by failing to complete the program.  See Lambert v. California, 355 U.S. 225, 228 (1957) ("Engrained in our concept of due process is the requirement of notice.").

Accordingly, we reverse.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.