Filed 5/15/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 91

Raymond Voisine, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20070313

Appeal from the District Court of Sheridan County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

REVERSED.

Opinion of the Court by Kapsner, Justice.

Raymond Voisine (argued), pro se, James River Correctional Center, 2521 Circle Drive, Jamestown, ND 58401, petitioner and appellant.

Walter M. Lipp (argued), State’s Attorney, 208 S. Main St., P.O. Box 590, McClusky, ND 58463-0590, for respondent and appellee.

Voisine v. State

No. 20070313

Kapsner, Justice.

[¶1] Raymond Voisine appeals a district court order denying his petition for post-conviction relief.  We reverse the order of the district court and vacate the June 2, 2005, criminal judgment and commitment revoking Voisine’s probation.

I

[¶2] In October 2004, Voisine pled guilty to one count of gross sexual imposition under a plea agreement.  For this offense, the district court sentenced Voisine to serve five years’ imprisonment, with four years suspended.  The district court further ordered Voisine be placed on five years’ supervised sex offender probation.  During the suspended period of his sentence, Voisine’s probation was subject to several conditions set forth in an attachment to the criminal judgment and commitment.  The district court amended the criminal judgment and commitment in March 2005; the amended criminal judgment, like the original criminal judgment, provided that one of the conditions of Voisine’s probation required Voisine successfully follow and complete a sex offender treatment program and admit responsibility for his offense as part of the treatment requirements.  However, this condition did not specifically state the sex offender treatment program must be successfully completed prior to Voisine’s release.  At the sentencing hearing, the district court told Voisine:

You will serve the balance of your time at the North Dakota State Penitentiary.  
Upon your release
 you will have the following conditions of probation:

. . . .

You shall attend, participate in, and cooperate with and successfully follow and complete all sex offender treatment program rules and requirements and you must admit responsibility for your offenses as part of the treatment requirements.

(Emphasis added).

[¶3] In May 2005, while Voisine was still imprisoned, the State petitioned the district court to revoke Voisine’s probation, alleging Voisine had failed to comply with the probation condition related to successful completion of a sex offender treatment program.  In particular, the State alleged Voisine failed to successfully complete treatment because he did not accept responsibility for or admit to the offense during the treatment program while in prison.  The district court conducted a revocation hearing in June 2005.

[¶4] At the revocation hearing, Voisine stated he attended sex offender treatment while incarcerated, but admitted he failed to successfully complete the treatment while in prison.  The district court revoked Voisine’s probation at the hearing and resentenced Voisine to serve ten years’ imprisonment, with five years suspended, and to five years’ supervised probation following Voisine’s release.  Voisine did not appeal the criminal judgment and commitment that revoked his probation and resentenced him.

[¶5] In November 2006, Voisine filed a petition for post-conviction relief, arguing his original sentence and probation were unlawfully revoked.  Following the State’s motion to dismiss Voisine’s petition, the district court entered an order summarily denying Voisine’s post-conviction relief petition.

[¶6] Voisine appeals the order denying his petition for post-conviction relief, arguing the district court erred when it revoked his probation for a probation violation that occurred while Voisine was in prison, rather than on probation.

II

[¶7] “Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure.”  
State v. Steen
, 2004 ND 228, ¶ 8, 690 N.W.2d 239 (citing 
Heckelsmiller v. State
, 2004 ND 191, ¶ 5, 687 N.W.2d 454; 
Ernst v. State
, 2004 ND 152, ¶ 6, 683 N.W.2d 891).  “The petitioner for post-conviction relief has the burden of establishing a basis for relief.”  
Steen
, at ¶ 9 (citing 
Ernst
, at ¶ 6).  Here, Voisine alleges the basis for relief is the unlawful revocation of his probation.

[¶8] Voisine premises his post-conviction relief claim upon the argument that his revocation was unlawfully revoked.  Voisine did not appeal the order revoking his probation.  Instead, he appeals the order denying his petition for post-conviction relief.  Under N.D.C.C. § 29-32.1-12(2), the State may raise, as an affirmative defense, misuse of process.  Misuse of process occurs in three situations, one of which is relevant here:

[F]ailure to take a direct appeal bars relief in a post-conviction action under Chapter 29-32, N.D.C.C., on the ground of abuse of process as to factual and legal contentions that the post-conviction applicant raised and litigated at the time of the original trial court proceedings and which he deliberately or inexcusably failed to pursue on direct appeal.

Clark v. State
, 1999 ND 78, ¶ 16, 593 N.W.2d 329 (quoting 
State v. Willey
, 381 N.W.2d 183, 186 (N.D. 1986)) (alteration in original).  Voisine did not take a direct appeal from the order revoking his probation.  In this regard, his post-conviction relief claim could be construed as misuse of process because Voisine failed to pursue the alleged unlawful revocation of probation on direct appeal from the order revoking his probation.

[¶9] However, abuse of process is an affirmative defense under N.D.C.C. § 29-32.1-12(3).  The State must plead misuse of process and bears the burden of proof.  N.D.C.C. § 29-32.1-12(3).  At the district court, Voisine’s response to the State’s motion to dismiss his petition for post-conviction relief asserted his claim was not barred by either res judicata or misuse of process, affirmative defenses listed in N.D.C.C. § 29-32.1-12(3).  The State did not address this assertion at the district court.  Nor does the State address this issue on appeal.  As a result, where Voisine’s complaint may have been barred for misuse of process, the State’s failure to plead this defense requires this Court to review the merits of Voisine’s appeal from the order denying his petition for post-conviction relief.

[¶10] Voisine argues a district court may not revoke probation for violations occurring while the defendant is incarcerated because the terms of the probation lie dormant until the defendant is actually released on probation.  Under Voisine’s theory, no probation violation could occur while a defendant is incarcerated.  Voisine is incorrect in his reading of the law.  Whether a defendant is incarcerated does not control whether a term of a defendant’s probation may be applicable while the defendant is in prison.  
See
 
Davis v. State
, 2001 ND 85, ¶ 7, 625 N.W.2d 855 (citing 
State v. Shepherd
, 554 N.W.2d 821, 822-23 (N.D. 1996)) (“[W]e have concluded a trial court may require a defendant to successfully complete a sex offender treatment program while in prison as a prior condition of probation.”).  Rather, the language of the sentence including the conditions of probation controls whether a term of probation is applicable to a prisoner or only applicable once a defendant has been released from prison on probation.  
Id.
 at ¶¶ 7-8.

[¶11] Section 29-32.1-09(1), N.D.C.C., provides that a district court may summarily deny an application for post-conviction relief, if there is no genuine issue of material fact and as a matter of law the moving party is entitled to judgment.  
Davis
, at ¶ 5 (citing 
Clark v. State
, 1999 ND 78, ¶ 5, 593 N.W.2d 329).  “Our review of a summary denial of an application for post-conviction relief is akin to our review of a denial of summary judgment under N.D.R.Civ.P. 56.”  
Davis
, at ¶ 5 (citing 
Abdi v. State
, 2000 ND 64, ¶ 8, 608 N.W.2d 292).  “The ‘party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.’”  
Id.
 (quoting 
Syvertson v. State
, 2000 ND 185, ¶ 13, 620 N.W.2d 362).  A district court’s findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a).  
State v. Steen
, 2004 ND 228, ¶ 8, 690 N.W.2d 239 (citations omitted).

[¶12] However, questions of law are fully reviewable on appeal, and the interpretation of a condition of probation is a question of law.  
State v. McAvoy
, 2007 ND 178, ¶ 11, 741 N.W.2d 198 (citing 
State v. Wardner
, 2006 ND 256, ¶ 22, 725 N.W.2d 215).  “Conditions of probation are strictly construed in favor of the offender; however, the conditions are construed as mandatory because of the duty to regulate a probationer’s activities to help in his or her rehabilitation and at the same time to guard against continued criminal behavior.”  
McAvoy
, at ¶ 11 (citation omitted).

[¶13] There are no disputed facts in this case; Voisine concedes he failed to successfully complete sex offender treatment while in prison.  The legal, rather than factual, issue is whether his amended criminal judgment and commitment, which contained the terms of his probation, required his sex offender treatment to be successfully completed prior to release, or whether sex offender treatment compliance and completion became effective only after his release from prison and while on supervised probation.  If the latter, then Voisine’s probation was unlawfully revoked and Voisine is entitled to relief under N.D.C.C. § 29-32.1-

01(1)(g).

[¶14] In 
Davis v. State
, this Court found a post-conviction relief petitioner’s probation was not unlawfully revoked.  2001 ND 85, ¶ 8, 625 N.W.2d 855.  In 
Davis
, one of the conditions of the petitioner’s probation stated that he must “‘[a]ttend, participate in, cooperate with and successfully complete . . . the sex offender treatment program 
at the North Dakota State Penitentiary
.’”  
Id.
 (alterations in original and emphasis added).  Further, Davis was told by the district court at a sentencing hearing that if he did not complete the rehabilitation program and was subject to release, the failure to complete the treatment would be a violation of probation and Davis would be subject to probation revocation before he was released from incarceration.  
Id.
  This Court held the revocation was lawful because “Davis admitted he did not complete the program, and both the Criminal Judgment and the trial court’s statements make it clear he was required to complete the program as a prior condition to probation.”  
Id.
  This Court further found Davis’s probationary condition to be unambiguous and upheld the revocation of his probation, even though the probation violation occurred while Davis was incarcerated.

[¶15] Here, condition 13 of the amended criminal judgment and commitment dated March 30, 2005, which provides Voisine’s probation requirements regarding sex offender treatment, reads:

You shall attend, participate in, cooperate with and successfully follow and complete all sex offender treatment program rules and requirements and admit responsibility for your offense(s) as part of the treatment requirements.  You shall attend aftercare if recommended by the Probation Officer or treatment staff.

Unlike the probationary condition in 
Davis
, Voisine’s probationary condition does not provide Voisine’s treatment must be successfully completed, or even attended, while “at the North Dakota State Penitentiary.”  The plain language of Voisine’s probationary condition does not require attendance, participation, cooperation, or completion of a sex offender treatment program while Voisine was incarcerated.  Even if the language in this condition could be construed to be ambiguous, Voisine could not be found to have violated this condition because “[c]onditions of probation are strictly construed in favor of the offender[.]”  
McAvoy
, 2007 ND 178, ¶ 11, 741 N.W.2d 198 (citation omitted).  The district court erred in reading Voisine’s sex offender treatment program condition to apply while Voisine was incarcerated, rather than when he is released on probation.

[¶16] In its order denying Voisine’s petition for post-conviction relief, the district court also stated the sentencing court “did not specifically order [] Voisine to complete the sex offender treatment program while at the penitentiary[,]” but that “Voisine attended the sex offender treatment program at the apparent direction of the department of corrections.”  We find no authority permitting the Department of Corrections to alter an offender’s probation conditions.

[¶17] A review of the sentencing transcript and the plain language of Voisine’s conditions of probation unambiguously provide Voisine’s conditions of probation, unlike Davis’s, did not become effective until Voisine was released.  For these reasons, the State was not entitled to judgment as a matter of law.  Voisine’s probation was unlawfully revoked, and the district court erred in denying the petition.  We reverse the district court order denying his petition for post-

conviction relief.  The criminal judgment and commitment dated June 2, 2005, is vacated.

[¶18] Carol Ronning Kapsner

Daniel J. Crothers

Mary Muehlen Maring

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.