# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 97

State of North Dakota,                                     Plaintiff and Appellee

v.

Alvin Henry Brown, Jr.,                               Defendant and Appellant

## No. 20220315

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices McEvers and Bahr joined. Justice Crothers filed a specially concurring opinion.

Maren H. Halbach, Assistant State's Attorney, Devils Lake, N.D., for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Alvin Brown appeals from an order revoking probation. Brown argues the district court erred by revoking his probation without giving him notice of the allegations against him and by making inadequate findings. We affirm.

I

[¶2]   In 2020, Brown pled guilty to two counts of endangerment of a child, a class C felony. The district court sentenced him to a term of incarceration followed by two years of supervised probation.

[¶3]   In July 2022, Brown's probation officer petitioned for revocation of his probation, alleging a series of violations including failing to report to the probation office, failing to attend treatment, using illegal substances, drinking alcohol, and leaving the re-entry center while intoxicated. At the August 2022 hearing, Brown admitted to committing all five violations.

[¶4]   The district court entered an order after the August hearing titled Order for 120 Day Review. Paragraph 3 of the Order specifically finds, by a preponderance of the evidence, Brown violated the conditions of his probation as stated in the five allegations of the Petition. The Order continues:

> ¶4.   The Court having found the Defendant in violation of his sentence, and the Defendant having no legal reason to give why sentence should not be pronounced, *the sentence which the Court shall impose* upon the Defendant:
>
> **JUDGMENT AND COMMITAL under Chapter 12.1-32[,] NDCC**;
>
> ¶5.   IT IS THE ORDER AND JUDGMENT of this Court that this matter be set for a 120 day review. The Defendant shall remain on supervised probation . . . . The Defendant shall be on SCRAM with zero tolerance for alcohol or drug usage. . . .

(Bold retained, emphasis added.)

[¶5] About three weeks after the August hearing, the district court issued a bench warrant for Brown's arrest for absconding from the Lake Region Reentry Center. The State charged Brown with escape in case number 36-2022-CR-579. Brown pled guilty to the charge and was sentenced to incarceration for a year and a day. On September 27, 2022, at Brown's request the court held the 120-day review hearing previously set for December 1. The State recommended that Brown serve the balance of his five-year term. Brown acknowledged his sentence would run consecutively to the sentence for escape and would extend approximately four years. He took responsibility for his actions and did not provide an alternative sentencing recommendation. After the hearing, the court issued an order revoking Brown's probation and resentencing him to a term of five years of incarceration with credit for time served, running consecutively to the escape charge.

## II

[¶6] Brown argues the district court erred by revoking his probation and resentencing him without providing him notice of the alleged violations and by making inadequate findings. We review the district court's factual finding of a probation violation under the clearly erroneous standard and its decision that revocation of probation was warranted under the abuse of discretion standard. *State v. Wardner*, 2006 ND 256, ¶¶ 19, 26, 725 N.W.2d 215. "A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, when there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, the court is left with a definite and firm conviction that a mistake has been made." *Id.* at ¶ 19. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* at ¶ 26.

### A

[¶7] Brown contends there was no pending petition to revoke his probation at the time of the September revocation hearing and thus he did not receive notice of the allegations against him. Brown misapprehends the effect of the August

2

hearing and order. At the August hearing, Brown admitted to committing the five violations contained in the July petition for revocation. In its August order, the district court found Brown violated the terms of his probation and ordered a "120 day review." During the review period, Brown was ordered to remain on supervised probation and wear an alcohol-monitoring bracelet. The court set the "120 day review hearing" for December, but it did not revoke Brown's probation at the August hearing or issue a final order disposing of the petition.

[¶8] Under N.D.C.C. § 12.1-32-07(6), the district court is authorized to modify or enlarge the conditions of probation:

> The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time before the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1-32-02 or 12.1-32-09 at the time of initial sentencing or deferment.

Instead of revoking Brown's probation at the August hearing, the court continued Brown's existing probation, modifying or enlarging the conditions, which included the condition of wearing an alcohol-monitoring bracelet.

[¶9] After Brown requested the 120-day review hearing be held earlier, the district court held the final revocation hearing in September. At the September hearing, the court revoked Brown's probation on the basis of the allegations contained in the July petition. Because the court had already accepted Brown's admissions to those five violations during the August hearing and found Brown violated his conditions of probation in its August order, the court properly sentenced Brown at the September hearing. Without objection to this procedure, the court sentenced Brown in accordance with the State's recommendation to five years less time served, running consecutively with the escape charge. Both hearings and orders pertained to the same petition and the same violations of probation.

[¶10] The confusion regarding the August Order for 120 Day Review is created by the phrase "the sentence which the Court shall impose" when the court only ordered a review hearing. The order entered after the September hearing is titled Order Revoking Probation. Paragraph 3 of the Order Revoking Probation notes the district court found at the August hearing Brown violated the conditions of his probation as stated in the five allegations of the Petition. The court made no finding Brown violated the conditions of his probation by absconding from the Lake Region Reentry Center. The court then proceeded to revoke Brown's original sentence and resentence him.

[¶11] When the Order for 120 Day Review and the Order Revoking Probation are read together and in the context of the August and September hearings, it is clear the district court did not resentence Brown at the August 2022 hearing. It is also clear the sentence revocation and resentencing at the September 2022 hearing was based on the probation violations alleged in the Petition and admitted by Brown and found by the court at the August 2022 hearing. Thus, contrary to Brown's argument, he received notice of the alleged probation violations.

[¶12] The United States Supreme Court has held that under the Due Process Clause of the Fourteenth Amendment a "probationer is entitled to written notice of the claimed violations of his probation." *Black v. Romano*, 471 U.S. 606, 612 (1985); *see also State v. Ennis*, 464 N.W.2d 378, 384-85 (N.D. 1990). Under N.D.R.Crim.P. 32(f)(3)(A), the hearing on the revocation of probation "must be in open court with . . . a prior written notice of the alleged violation given to the probationer." We conclude the petition for revocation satisfied the notice requirements and Brown received notice of the allegations against him.

B

[¶13] Brown argues the district court failed to make adequate findings warranting revocation of probation. "If the probationer contests the violation, the prosecution must establish the violation by a preponderance of the evidence." N.D.R.Crim.P. 32(f)(3)(B). Brown did not contest the five violations of his probation—he admitted to them. The court accepted his admissions and found he violated his conditions of probation. At the September revocation

4

hearing, Brown did not recommend a sentence to the court or argue for leniency after the State recommended that he serve the balance of his 5-year term. The September order revoked Brown's probation and resentenced him to a term of five years of incarceration with credit for time served, running consecutively to the escape charge. We conclude the court made adequate findings of fact and did not abuse its discretion by revoking Brown's probation and resentencing him to the balance of his term of imprisonment, less time served.

III

[¶14] We affirm the order revoking probation.

[¶15] Jon J. Jensen, C.J.
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

**Crothers, Justice, specially concurring.**

[¶16] Brown argues the order on appeal was not entered when a petition to revoke probation was pending before the district court, and the district court erred by revoking Brown's probation without him receiving notice as required by law. The majority concludes, and I agree, both the August and September hearings pertained to the July petition and the same probation violations. Majority opinion, ¶ 11. I write separately to express concern over the district court's use of a "review hearing" process that could enable the use of one petition to stretch a court's authority to modify or revoke probation until the limits set by law are reached. *See* N.D.C.C. § 12.1-32-06.1 (length and termination of probation).

[¶17] Section 12.1-32-07(6), N.D.C.C., addresses revocation of probation and provides the district court with broad authority to modify or revoke probation:

> The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time before the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of

5

probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1-32-02 or 12.1-32-09 at the time of initial sentencing or deferment.

[¶18] The purpose of N.D.C.C. § 12.1-32-07(6) is to provide the sentencing court with the ability to monitor a probationer's status, and adjust the sentence as necessary. We have noted, "A sentence which includes probation is not final, and section 12.1-32-07(6), N.D.C.C., is intended to provide the trial court with a flexible alternative to monitor the defendant's conduct while on probation." *Davis v. State*, 2001 ND 85, ¶ 11, 625 N.W.2d 855. The flexibility "reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence of probation was not effective and must be altered." *Id.* (citation omitted). "Notwithstanding the fact that a sentence to probation subsequently can be modified or revoked, a judgment that includes such a sentence constitutes a final judgment for all other purposes." N.D.C.C. § 12.1-32-06.1(8).

[¶19] Here, the August hearing transcript demonstrates the district court's concern about Brown's ability to maintain sobriety and complete his sentence without incarceration. The district court offered Brown the opportunity to avoid prison by not immediately granting the State's July petition to revoke probation. The district court instead imposed new conditions, including Brown's placement in a reentry facility and being "eligible to have an alcohol and drug evaluation, eligible to attend treatment and other programming deemed appropriate by his probation officer. The Defendant shall be on SCRAM with zero tolerance for alcohol or drug usage." As we hold here, the law permitted the district court's actions. But our holding should not be read to endorse the actions as a model of how probation modification should be handled.

[¶20] Rather than continuing modified probation without expressly saying so, and instead setting a 120-day review hearing, the better practice would have been for the district court to rule on the State's petition for revocation when it issued the August order. By promptly ruling on the petition, docket currency is maintained, and Brown could have timely appealed if he was dissatisfied with

6

the new terms and conditions of probation. *See State v. Causer*, 2004 ND 75, ¶ 23, 678 N.W.2d 552 ("The defendant's statutory right of appeal includes the right to appeal from an order revoking probation. *See* N.D.C.C. §§ 29-28-03 and 29-28-06; *State v. Vondal*, 1998 ND 188, ¶¶ 27, 29, 585 N.W.2d 129."). Timely ruling on the July petition and requiring a new petition for subsequent alleged violations also would have afforded Brown additional notice and adequate due process at the later hearing to revoke his probation and sentence him to the remainder of his 5-year sentence.

[¶21] Daniel J. Crothers