**On Petition for Rehearing**
**Filed June 20, 2024**
**No. 20230364**

**Bahr, Justice, on petition for rehearing.**

[¶22]  Alvin Brown petitions for rehearing after this Court affirmed the district court's order. Brown argues our opinion conflicts with this Court's opinion in *State v. Brown*, 2023 ND 97, 991 N.W.2d 65. Specifically, Brown argues that in this opinion we held "the district court's order was a sentence to incarceration," while in *State v. Brown* we held the order was "an order for a review hearing." We conclude the opinions do not conflict. We deny the petition.

[¶23]  In *State v. Brown*, this Court stated, "Instead of revoking Brown's probation at the August hearing, the court continued Brown's existing probation, modifying or enlarging the conditions, which included the condition of wearing an alcohol-monitoring bracelet." 2023 ND 97, ¶ 8. We explained, "The confusion regarding the August Order for 120 Day Review is created by the phrase 'the sentence which the Court shall impose' when the court only ordered a review hearing." *Id.* at ¶ 10. We then held, "When the Order for 120 Day Review and the Order Revoking Probation are read together and in the context of the August and September hearings, it is clear the district court did not resentence Brown at the August 2022 hearing." *Id.* at ¶ 11.

[¶24]  In this case, we again quoted the Order for 120 Day Review, which used the phrase "the sentence which the Court shall impose[.]" 2024 ND 95, ¶ 3. By quoting that order, we did not modify the holding in *State v. Brown* or conclude the district court resentenced Brown. As determined in *State v. Brown*, the Order for 120 Day Review modified or enlarged the conditions of Brown's probation. 2023 ND 97, ¶ 8. In this case, we addressed the alleged conflicts between the district court's written Order for 120 Day Review and its oral pronouncement, concluding "there is no conflict between the two orders." 2024 ND 95, ¶ 16. Both orders left Brown on probation; the orders modified or enlarged the conditions of his probation, with the oral order unambiguously requiring Brown "to remain in custody at the jail until there was a spot at the halfway house." 2024 ND 95, ¶ 16 ("An individual can be in custody while on probation."). We did not hold that the district court resentenced Brown due to his admitted probation violations. There is no conflict between our opinions in *State v. Brown* and this case.

[¶25]  We deny the petition for rehearing.

8

[¶26] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr